**JONES, Plaintiff-Appellant, v. BOARD OF COUNTY COMMISSIONERS, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4706. Decided February 20, 1952.

William Harvey Jones, Columbus, for plaintiff-appellant.
Ralph J. Bartlett, Pros. Atty., Robert P. Barnhart. Howard F. Wehr., Asst. Pros. Attys., Columbus, for defendants-appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition for an injunction restraining defendants from proceeding to make collection of an assessment against the lands of plaintiff by reason of a ditch improvement.

Upon issues joined by the pleadings and the findings of fact by the trial judge there is presented a question of law only. As a conclusion of law the Court held that the statutory requirement of §6447 GC for notice to owners of land affected by the construction of the proposed improvement was not jurisdictional and the failure to serve plaintiff with such notice did not prevent the Board of County Commissioners levying an assessment against the lands of plaintiff, and that the notice to the plaintiff of final hearing on the improvement before the Commissioners, on the report of the County Surveyor, including the amount of the assessment "was sufficient to give the Board jurisdiction over the plaintiff and his property."

Three errors are assigned:

1. In holding that the notice provided by §6447 GC "is directory and not mandatory" and not a jurisdictional requirement.

2. In holding that plaintiff is estopped or has waived his right to question the jurisdiction of the Board of Commissioners by his appearance before the Board and the filing of a remonstrance against and a claim for damages by reason of the improvement.

3. In approving the assuming of jurisdiction by the Commissioners over the property of plaintiff to make changes in the course and the termini of the ditch and constructing laterals on the lands of plaintiff not included in the petition filed with the auditor.

Without restating, in detail, the rather extended facts out of which the controversy arises and quoting from the lengthy sections of the Drainage Title of the Code which have some relation to the issue, we come immediately to the applicable provisions of the few sections of the Code which we believe are controlling and determinative of all of the errors assigned. And, inasmuch as the rights of the parties are defined by the plain provisions of statute, it will not be necessary to discuss but one of the many authorities cited by counsel in their extensive briefs.

Appellant rests his case for an injunction against the collection of the assessment against his lands by reason of the ditch improvement eventually ordered by the defendant. Commissioners, upon the proposition that, although his lands were affected by the ditch originally proposed, he had no notice of the filing of the petition for the improvement as provided by the mandatory language of §6447 GC.

Sec. 6447 GC, in part, provides:

"As soon as the dates for the view and first hearing have been fixed by the commissioners, the auditor shall prepare and deliver to the petitioner a written notice, **directed to the owners of land affected by the proposed improvement,** which notice shall set forth the pendency, substance, and prayer of the petition. * * * At least 15 days before the date set for the view, one copy of said notice **shall be served upon each owner of land,** * * *." (Emphasis ours.)

The land owners mentioned in the emphasized part of §6447 GC, are those whose names are set forth in the petition for the improvement as land owners who will be benefited or damaged by the construction of the proposed improvement. Obviously, no others could be contemplated because at that juncture of the proceedings neither the Commissioners nor the Auditor will have had any other source of information than the petition.

**Zimmerman v. Canfield, 42 Oh St 463,** although not necessary, is helpful to a determination of the instant cause. The section of the Ditch Code, §4452 R. S., under consideration in the cited case, made no provision for notice of the first view of the proposed ditch to land owners along the line of the improvement. The Court held that §4452 R. S. invested the Commissioners with political and not judicial powers and that notice to the land owners was not essential to the validity of the proceedings thereunder. **Sec. 6447 GC,** like §4452 R. S. in the cited case, makes no provision for notice to appellant because his name was not listed in the petition as a land owner affected by the proposed improvement but notice and due process of law are provided by subsequent sections.

We cannot agree that the notice defined in §6447 GC is the source or basis of the jurisdiction of the Board of Commissioners to levy the assessment against the lands herein involved.

A part of the finding of fact 2, dispositive of our question, is that plaintiff's name was not listed on the petition as a land owner affected by the proposed ditch improvement. Had he been so named we would have another and different question.

Sec. 6444 GC, defining the requisites of the petition for a ditch improvement, does not require that every land owner whose lands will be benefited or damaged by the improvement, as proposed, shall be set forth in the petition but only "a list of names and addresses, where known, of all the owners of the land which the petitioner **claims** will be benefited or damaged by the improvement." (Emphasis ours.) The petitioner may not know every owner whose lands will be affected by the improvement as he proposes it. It is conceivable that some would be omitted whom he believes will be affected by the improvement and, of course, he cannot anticipate what the route of the ditch eventually to be ordered by the Commissioners will be and, therefore, could not list names of all owners benefited or damaged by reason of the improvement.

It is inferable that the first time it appeared of record that appellant's lands would be benefited by the improvement was after the surveyor had made his survey of the ditch and filed his reports, schedules and proposed assessments by reason of the improvement. Secs. 6454, 6455 GC. Succeeding the receipt of this information by the Commissioners appellant was given his first and only notice. This procedure is specifically authorized by §6456 GC. Upon the filing with the auditor of the reports and schedules of the surveyor, the Commissioners shall fix a date for the hearing on the reports. "If the schedule of assessments filed by the surveyor contains the names of land owners other than those mentioned in the petition, notices shall also be mailed to such land owners."

This notice, by reason of §6456 GC, gave the Board of County Commissioners jurisdiction as to the lands of appellant and to determine whether or not to proceed with the improvement and, if allowed, to take all steps requisite to its construction, as then proposed, including the confirming of the assessment to be levied upon the lands of appellant. Sec. 6463 GC.

Succeeding the notice given pursuant to §6456 GC appellant was assured full opportunity to be heard upon the necessity for, and the benefits of the improvement and damages, if any, to his lands by reason thereof, §§6457, 6462, 6463 GC, and, in part, at least, availed himself of that opportunity.

As we read the Drainage Act appellant was accorded every substantial right respecting the ditch improvement, as proposed upon the surveyor's report, as was given to those owners of land whose names were listed in the petition. This report was before the Commissioners and available to appellant by reason of his notice prior to the final hearing of the Commissioners on the report. Note the comprehensive and material facts which the Commissioners are to consider and

508

evaluate at the final hearing. They are directed in mandatory terms to "review and reconsider the former order made by them finding in favor of said improvement." No order respecting the improvement is conclusive until the Commissioners have acted pursuant to §6462 GC including the right to dismiss the petition. The Commissioners have the benefit of expert advice as to the best means of accomplishing the drainage to be afforded lands mentioned in the petition and other lands in the vicinity in the interest of the public health, welfare or convenience. It would indeed be a restrictive act which would deny the Commissioners the right to determine after the first hearing that there were land owners affected by the improvement other than those named in the petition.

In our judgment, the failure to give notice to appellant of the filing of the petition and the date of the first hearing on the proposed ditch improvement in no wise affected the jurisdiction of the Board of County Commissioners over his lands in said proceedings. The jurisdiction to act was vested in the Board of Commissioners by reason of the notice served upon appellant as provided by §6456 GC.

Appellant's relief, if any required, was provided by an appeal, §6467, et seq., GC, and not by a separate suit for injunctive relief.

No error assigned is well made.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.