WOODMANSEE ET AL., APPELLANTS, *v.* COCKERILL ET AL.,
APPELLEES.

410

(No. 335—Decided July 26, 1961.)

*Messrs. Lovell & Woodmansee* and *Messrs. Junk & Junk,* for appellants.

*Mr. Rollo Marchant,* for appellees.

SHERER, J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Fayette County denying and dismissing plaintiffs-appellants' petition for an injunction and from the order of that court overruling their motion for a new trial.

This action seeks to enjoin the Joint Board of County Commissioners of Fayette and Clinton Counties, Ohio, and the Auditor and Treasurer of Fayette County, from proceeding further on a petition for the improvement of a ditch lying in both counties, and particularly from performing any further procedure toward the collection of assessments or letting of a contract for such ditch improvement.

Section 6133.03, Revised Code, provides that a Joint Board of County Commissioners may do all the things that a board of county commissioners may do in a single county improvement, and shall be governed by and be subject to Sections 6131.01 to 6131.64, inclusive, of the Revised Code, relating to single county ditches so far as applicable. That section of the Revised Code provides further that all rights of appeal, and all other rights or remedies as provided in Sections 6131.01 to 6131.64, inclusive, of the Revised Code, apply to joint county improvements. The parties have agreed upon this brief statement of facts:

"On April 18, 1960, Willard F. Story, S. O. Lanmum, W. B. Custis, Alice C. Beam, R. O. Lanmum, Lorene Sollars, and Loren W. Johnson filed a petition with the Auditor of Fayette County, Ohio, requesting the Commissioners of Fayette and Clinton Counties, Ohio, to clear, clean, widen and deepen the main chan-

nel of Lees Creek between the termini specified in the petition. Thereafter on May 25, 1960, the commissioners for said counties viewed the proposed improvement.

"On June 10, 1960, a preliminary estimate of the cost of said proposed improvement was filed by the County Engineers of said Fayette and Clinton Counties. A copy of said preliminary estimate is included in the papers filed in this cause. On June 10, 1960, at the first hearing on said proposed improvement, the said Commissioners of said Fayette and Clinton Counties found for said improvement.

"On September 12, 1960, the County Engineers of said Fayette and Clinton Counties filed certain reports and schedules in connection with said proposed improvement. A copy of said reports and schedules is included in the papers filed in this cause.

"On October 18, 1960, said Commissioners of Fayette and Clinton Counties brought said matter on for final hearing, affirmed said former order made by finding in favor of said improvement and confirmed the schedule of assessments prepared by the County Engineers of said Fayette and Clinton Counties.

"On November 5, 1960, plaintiffs-appellants, being land owners in the area of said proposed improvement and having been assessed in various amounts for said purported improvement, filed a petition in the Fayette County Common Pleas Court asking for an injunction enjoining defendants from performing any further acts toward collecting said assessments or the letting of a contract for said purported improvement."

The petition for injunction alleges that in the proceedings for the improvements of the joint county ditch by the Joint Board of County Commissioners and others, the provisions of Sections 6131.07, 6131.09, 6131.15 and 6131.16 of the Revised Code were not followed; that said provisions of the Revised Code are mandatory and jurisdictional; that the violation of those sections of the Code has rendered the proceedings invalid, will cause great and irreparable injury to plaintiffs and all other land owners involved in said proceedings; and that plaintiffs have no other adequate remedy at law or in equity.

The defendant-appellee, Harry Allen, Auditor of Fayette County, is, by virtue of his office, the clerk to the other defendants, the Joint Board of County Commissioners of Fayette and Clinton Counties. Harry Allen alone filed an answer herein. In

his answer he admitted the allegations of plaintiffs' petition in paragraphs one, two, three, four, five and all of paragraph six excepting the allegation therein that ''the provisions of Revised Code Sections 6131.01 to 6131.64 inclusive and 6133.01 to 6133.16 inclusive enumerate and make mandatory certain specific duties which the county officials must perform under the provisions for ditch improvements.''

Defendants admit that notice was not given to those landowners named in the petition and of legal record on the date of filing the petition, as required by Section 6131.07, Revised Code; that the engineer's preliminary report contained no statement as to whether benefits from the proposed improvement are likely to exceed the costs, together with a statement of all factors favorable and unfavorable to the proposed improvement; and that the engineer did not enter into his schedules an explanation of the benefits by reason of the construction of the improvement, upon which the assessment is based.

By agreement of the parties to this action the transcript of all papers filed in the ditch proceeding before the Joint Board of County Commissioners of Fayette and Clinton Counties, together with a transcript of the final hearing on the ditch proceedings before the Joint Board of County Commissioners have been submitted to this court for consideration as evidence.

Plaintiffs allege, in support of their petition for an injunction, that they were not notified of the date and hour for the view of the proposed improvement by defendants as is required by the provisions of Section 6131.07 of the Revised Code. The evidence reveals that the Clerk of the Joint Board of County Commissioners did not comply strictly with the provisions of that section of the Code, which provides in part:

''As soon as the dates for the view and first hearing have been fixed by the board, the clerk shall prepare and mail to the petitioner a written notice, directed to the owners affected by the proposed improvement, which notice shall set forth the pendency, substance, and prayer of the petition, the date, hour, and starting place of the view and the date and hour of the first hearing. The clerk shall also prepare copies of the notice. At least twenty days before the date set for the view, one copy of said notice shall be mailed by first class mail in a five day return envelope to the owners named in the petition and of legal record on the

date of filing of the petition. * * * The addressee of any letter which may be returned undelivered shall be notified by publication of a list of such addresses in two issues of a newspaper of general circulation in the area affected by the proposed improvement * * *. Such publication shall serve as public notice to all owners of the pendency of the improvement whether or not they were individually named and notified.''

The clerk did not mail notices of the date and hour of the viewing to the landowners to be affected by the proposed improvement but did publish a notice styled, ''Notice of time of view and first hearing to the owners of land affected by the proposed improvement.''

We must determine whether the provisions of Section 6131.07, Revised Code, relating to the manner of giving notice are mandatory or directory and whether they are jurisdictional.

In determining whether an ambiguous statutory provision is intended to be mandatory or directory, it is sometimes proper to take into consideration the consequences which would result from construing it one way or another. 37 Ohio Jurisprudence, 332, Section 35.

It is a general rule that those statutory measures which are intended for the security of the citizens or designed for protection of their rights of property are mandatory. 37 Ohio Jurisprudence, 334, Section 39; *Campbell* v. *City of Cincinnati*, 49 Ohio St., 463.

Indeed, the Supreme Court has laid down the rule that an act of the General Assembly will not be regarded as directory or discretionary as to those upon whom it is intended to operate unless such directory or discretionary character clearly appears from the entire text of the act. *Devine* v. *State, ex rel. Tucker*, 105 Ohio St., 288, holds:

''It may be that in some cases, gathered from the entire context of the law, some provision may be clearly directory or discretionary, and when so it should be so interpreted and so applied; but this directory character, this optional character, must be clear and convincing.''

The word, ''mandatory,'' has been used synonymously with ''indispensable.'' *State* v. *Barlow*, 70 Ohio St., 363. A mandatory provision is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the

validity of the proceeding. 37 Ohio Jurisprudence, 323, 324, Section 27.

Whether a statute is mandatory or directory does not depend upon its form, but upon the intention of the Legislature, to be ascertained from a consideration of the entire act—its nature, its character, its reason, its object, and its subject matter, as well as the language used. 37 Ohio Jurisprudence, 324, 325, Section 28.

But the use of the word, "shall," is usually interpreted to make the provision in which it is contained mandatory, especially if frequently repeated. 37 Ohio Jurisprudence, 326, Section 29.

Black's Law Dictionary defines "shall" as follows:

"Shall, as used in statutes, contracts, or the like, this word is generally imperative or mandatory," citing *McDunn* v. *Roundy*, 191 Iowa, 976, 181 N. W., 453.

Again, it is defined as follows:

"In common, or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning, or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears." *People* v. *O'Rourke*, 124 Cal. App., 752, 13 P. (2d), 989.

In the case of *Spaulding & Kimball Co.* v. *Aetna Chemical Co.*, 98 Vt., 169, 126 A., 588, it is held that it may be construed as merely permissive or directory (as equivalent to may), to carry out the legislative intention and in cases where no right or benefit to any one depends on its being taken in the imperative sense, and where no public or private right is impaired by its interpretation in the other sense.

"A word or phrase repeatedly used in the same statute indicates that special consideration was intended to be given to it." 37 Ohio Jurisprudence, 571, Section 308; *Watterson* v. *Halliday, Aud.*, 77 Ohio St., 150.

"It is not to be supposed that the framers of a statute con-

templated a violation of rules of natural justice. Accordingly, it should not be presumed to have been within the legislative intent to enact a law having an unjust result.'' 37 Ohio Jurisprudence, 637, Section 350.

''The mode prescribed by statute for the acquisition, preservation, enforcement, and enjoyment of a new right, privilege, or immunity has been declared to be mandatory, even though the statutory provision is in the nature of a command to an officer.'' 37 Ohio Jurisprudence, 334, ·Section 38.

''Statutory provisions as to notice, or provisions as to notice to be given in statutory proceedings, are generally regarded as mandatory, and substantial compliance with such provisions is essential.'' 41 Ohio Jurisprudence . (2d), 45, Section 25.

*Lake Shore Elec. Ry. Co.* v. *Pub. Util. Comm.*, 115 Ohio St., 311.

The power of a board of county commissioners over drainage improvements is based upon the power of eminent domain. 18 Ohio Jurisprudence (2d), 322, Section 7; *Reeves* v. *Treasurer of Wood County*, 8 Ohio St., 333.

In exercising the power of eminent domain, the law authorizing it must be strictly complied with. *Harbeck* v. *City of Toledo*, 11 Ohio St., 219.

A proceeding by county commissioners for the establishment or improvement of a ditch is for a private benefit. *Board of County Commrs. of Portage County* v. *Gates*, 83 Ohio St., 19, at page 35.

Section 6131.07, Revised Code, provides in part:

''At least twenty days before the date set for the view, one copy of said notice shall be mailed by first class mail in a five day return envelope to the owners named in the petition and of legal record on the date of filing of the petition.''

That section provides further that the addressee on any letter which may be returned undelivered shall be notified by publication of a list of such addressees as provided in the section and that such publication shall serve as public notice to all owners of the pendency of the improvement whether or not they were individually named and notified. ''Such publication'' as used in this section clearly provides for notice by publication when notices are mailed but not delivered.

Section 6131.07, Revised Code, requires the Joint Board of

County Commissioners, upon the filing of a petition, to fix a time for the view and to fix a time for the first hearing, which view and hearing are to be conducted as provided by Section 6131.10, Revised Code. Section 6131.10, provides that the board shall meet at the designated place and at the designated time and hear the proof offered at that time by any owner affected by the proposed improvement. This section provides that upon completing the view, the board shall adjourn the further hearing to the office of the board, to the day fixed in the notice for the first hearing. The section provides that:

"On the day so fixed for the first hearing on the petition, the board shall take up the further hearing on the petition, and on the application or remonstrances filed. The board shall hear the preliminary report of the county engineer as provided in Section 6131.09 of the Revised Code, and shall hear any evidence offered by any owner for or against the granting of the improvement * * *. The first hearing at the board's office may be adjourned from day to day, or for a longer time, that may be reasonable, so that all interested owners may have an opportunity to be heard for or against the proposed improvement."

Section 6131.09, Revised Code, provides that the county engineer, when notified of the filing of the petition authorized by Section 6131.04, Revised Code, "shall prepare a preliminary estimate of the cost of the proposed improvement. The engineer shall file at the first hearing, as a guide to the commissioners and the petitioners, a preliminary report including his preliminary estimate of cost, comment on feasibility of the project, and a statement of the engineer's opinion as to whether benefits from the project are likely to exceed the estimated cost. Such preliminary report shall list all factors apparent to the engineer, both favorable and unfavorable to the proposed improvement, so that the petitioners may be informed as to what is involved."

We hold that the provisions of Section 6131.07, Revised Code, respecting notice to the owners named in the petition and of record on the date of filing the petition are mandatory, and that a substantial compliance therewith is indispensable to the jurisdiction of the Joint Board of County Commissioners to act. There has been no substantial compliance with the provisions of this section. The word, "shall," is used in practical-

ly every section of the Code relating to ditch improvements. This word appears between 50 and 100 times and with respect to notice in Section 6131.07, Revised Code, it is clearly mandatory.

However, only two of the plaintiffs herein, Edmond S. Woodmansee and Roma W. Leland, were named in the petition for the improvement as landowners who would be benefited or damaged by the improvement. The answer of defendant Harry Allen alleges that they were present at the first hearing on the proposed improvement on June 10, 1960, and the record before us indicates that this is true.

By appearing voluntarily before the board on June 10, 1960, these plaintiffs waived their right to object to the lack of jurisdiction of the board to proceed with the first hearing because of a lack of notice. None of the other plaintiffs, John A. Leland, Clayton and Elizabeth Nairne, William M., Ruth and Ellen Westerfield, was named in the petition for the improvement and cannot complain of a lack of notice of the view and first hearing. Section 6131.04, Revised Code, provides that the petition ''shall contain a list of the names and addresses, where known, of all the owners of the land which the petitioner claims will be benefited or damaged by the construction of the proposed improvement.'' Section 6131.07, Revised Code, provides that notice shall be mailed to the ''owners named in the petition and of legal record on the date of filing of the petition.'' It should be borne in mind that the petition named W. F. Story, E. S. Dunlap, W. V. Custis, Ralph Theobald, Chloe B. Teachnor and Clara Barger in addition to Edmond Woodmansee and Roma W. Leland as owners of land which the petitioners claim will be benefited or damaged by the proposed improvement. Of these landowners only Edmond Woodmansee and Roma W. Leland have waived their right to notice of the view on May 25, 1960, and of the first hearing on June 10, 1960.

The others named above are not seeking relief in the action before us and we do not determine the question of the jurisdiction of the Joint Board of County Commissioners over their lands because of the failure to give them notice as required by Section 6131.07, Revised Code. W. F. Story and W. V. Custis are listed as petitioners for the improvement and probably could not make any objection to the board's jurisdiction to proceed on May 25, 1960, and June 10, 1960, by reason of a lack of

notice of the view and first hearing. But E. S. Dunlap, Ralph Theobold, Chloe B. Teachnor and Clara Barber might perhaps object to the board's lack of jurisdiction over their lands because of lack of notice of the view and first hearing. *Chicago & N. W. Ry. Co.* v. *Sedgwick*, 203 Iowa, 726, 213 N. W., 435, was a case involving proceedings to establish a drainage district and assess lands affected for the cost. In that case, as in the case before us, the railroad company received no notice of the preliminary proceeding but did receive notice of the final hearing and questioned jurisdiction over its land because of a lack of notice at the preliminary stage of the proceeding. The Supreme Court of Iowa held that lack of the preliminary notice was fatal to the proceeding though plaintiff was notified of the final hearing. In that case the railroad company appeared at the final hearing and objected to jurisdiction over its land. In the case before us we find in the record an objection to the board's jurisdiction, and the record shows further that a member of the board sought to limit the proceedings to the question of objections to the improvement. It appears that at this point counsel was questioning the clerk of the board on the jurisdictional question of notice of the view and the first hearing.

We hold that the provisions of Section 6131.09, Revised Code, with respect to the preliminary report of the county engineer are likewise mandatory and a substantial compliance therewith is essential to the exercise of jurisdiction of the Joint Board of County Commissioners to proceed further with the proposed improvement. We hold further that there has been no substantial compliance with the provisions of that section by the engineer and that the board did not have jurisdiction to conduct the hearing on June 10, 1960, and make its order of that date.

. Section 6131.09, Revised Code, provides what the engineer's preliminary report shall contain and provides that it shall be filed as a guide to the commissioners and the petitioners. The county commissioners are not acting for themselves and the petitioners. They act as well for all landowners affected by the proposed improvement. Objectors as well as petitioners have a right to expect and require both the engineer and the commissioners to proceed in accordance with the plain provisions of the law.

Section 6131.10, Revised Code, provides that the county commissioners shall at the first hearing, in this case on June 10, 1960, hear the proof offered at that time by any owner affected by the proposed improvement. How could the board of county commissioners hear anyone other than the petitioners and the engineer when they received no notice as required by Section 6131.07, Revised Code? Section 6131.10, Revised Code, provides that the county commissioners shall hear the preliminary report of the county engineer as provided by Section 6131.09, Revised Code. How could the board of county commissioners hear the report provided by this section unless the engineer filed a preliminary report in substantial compliance with the provisions of this section?

The engineer's preliminary report was filed on June 10, 1960, and contained a preliminary estimate of costs and a brief comment to the effect that the estimated costs of the project appear to be feasible. The engineer's preliminary report does not contain a statement of his opinion as to whether benefits from the project are likely to exceed the costs. The preliminary report does not list all factors apparent to the engineer, both favorable and unfavorable to the proposed improvement.

The matters omitted from the engineer's preliminary report relate to the very essence of the proceeding. The Supreme Court, in the case of *State, ex rel. Jones,* v. *Farrar,* 146 Ohio St., 467, held, in paragraphs one and two of the syllabus:

"1. A statute is mandatory where noncompliance with its provisions will render illegal and void the steps or acts to which it relates or for which it provides, and is directory where noncompliance will not invalidate such steps or acts.

"2. As a general rule, statutes which relate to the essence of the act to be performed or to matters of substance are mandatory, and those which do not relate to the essence and compliance with which is merely a matter of convenience rather than substance are directory."

The Joint Board of County Commissioners fixed the date of the view for May 25, 1960, and the date of the first hearing for June 10, 1960. The final hearing provided by Section 6131.21, Revised Code, was held on October 18, 1960.

Section 6131.21, Revised Code, provides in part:

"At the final hearing on a proposed improvement, after

hearing all the evidence offered in the proceedings and after receiving and considering all the schedules and reports filed by the county engineer, the board of county commissioners shall review and reconsider the former order made by it finding in favor of said improvement, and shall either affirm said former order and proceed to confirm the assessments, and order the letting of the contract, or shall set aside said former order and dismiss the petition." .

Section 6131.15, Revised Code, provides in part:

"The county engineer, in making his estimate of the amount to be assessed each tract of land, public corporation, and the state of Ohio in accordance with this section, and the board of county commissioners, in amending, correcting, confirming, and approving the assessments in accordance with Section 6131.22 of the Revised Code, shall levy the assessments according to benefits."

Section 6131.15, Revised Code, provides further:

"The county engineer shall prepare a second schedule of assessments containing the name and address of each private owner of land and a description of the land believed to be benefited by the proposed improvement, which names and descriptions shall be taken from the tax duplicates of the county. He shall enter in such schedule the amount of the appraised assessment to be assessed to each tract of land, and an explanation of the benefits, by reason of the construction of the improvement, upon which the assessment is based."

The county engineer has failed to explain what benefit will accrue to each tract of land affected by the proposed improvement. Here, again, is a provision which relates to the very essence of this proceeding. We hold that this provision in Section 6131.15, Revised Code, is mandatory and that there has been no substantial compliance therewith. Plaintiffs allege that the failure of the county engineer to explain the benefits to each tract of land has rendered the proceedings by the Joint Board of County Commissioners invalid and argue that this failure deprives the board of jurisdiction to hear and determine the petition as provided in Section 6131.21, Revised Code.

Section 6131.21, Revised Code, provides that at the final hearing on a proposed improvement *after* hearing all the evidence offered in the proceedings and *after* receiving and con-

sidering all the schedules and reports filed by the county engineer, the board of county commissioners shall review and reconsider the former order made by it finding in favor of said improvement, and shall either affirm said former order and proceed to confirm the assessments, and order the letting of the contract, or shall set aside said former order and dismiss the petition.

In the case of *Sessions* v. *Crunkilton, Treas.*, 20 Ohio St., 349, at pages 359, 360, the Supreme Court had under consideration a case in which township trustees were restrained from collecting an assessment levied for the location, establishment and construction of a township ditch. The statute then in force provided that:

"Before the township trustees shall take any steps toward locating or establishing any ditch * * * there shall be filed with the township clerk a petition * * * and there shall at the same time be filed a bond, with good and sufficient sureties, to the acceptance of the clerk, conditioned to pay all expenses incurred in case the trustees refuse to grant the prayer of the petition; and it shall be the duty of the petitioner, immediately upon the filing of such petition, to notify, in writing, the owner, or one of the owners, of each tract of land along the line of the proposed ditch, of the pendency and prayer of said petition, and of the time and place when and where the same shall be heard * * *." And by the fourth section, "That said trustees, on the day set for hearing of said petition, shall, if they find that said bond has been filed, and said notice given, proceed to hear and determine said petition * * *."

The court said, at page 360:

"The filing of a bond, with the petition, and the finding by the trustees that the bond has been filed and notice given, as required by the statute, are conditions essential and precedent to the right of the trustees to hear and determine the petition. 'The right to hear and determine a cause is jurisdiction,' and under this statute no jurisdictional power vests in the trustees to locate and establish a ditch until the concurrence and performance of these conditions has taken place."

See, also, *Ferris* v. *Bramble*, 5 Ohio St., 109.

Section 6131.21, Revised Code, provides in mandatory terms that the Joint Board of County Commissioners shall "review

and reconsider the former order made by it finding in favor of the improvement." *Jones* v. *Board of County Commrs. of Franklin County*, 94 Ohio App., 411. This section vests in the board jurisdiction to hear and determine the proceedings *after* receiving and considering all the schedules and reports filed by the county engineer. The schedules and reports contemplated by this section are the schedules and reports which it is the mandatory duty of the engineer to file as provided by Sections 6131.09 and 6131.15 of the Revised Code and not any schedules and reports the engineer may choose to file. *Miller* v. *Graham, Treas.*, 17 Ohio St., 1.

In that case the Supreme Court, in commenting on the duties of a county surveyor in connection with proceedings to establish a ditch, said that the surveyor should "make an accurate survey of the route of such proposed ditch * * *, shall return a plat, or plat and profile, of the same * * * a description of the proposed route, its availability and necessity, with a description of each separate tract of land through which the same is proposed to be located, how it will be affected thereby, and its situation and level, as compared with adjoining lands * * *."

With respect to the return of the surveyor, which was too meager to answer the requirements of the statute, the court said, "It contains nothing in respect to the availability and necessity of the proposed ditch and how adjoining lands will be affected thereby."

The schedules and reports of the county engineer filed in these proceedings do not constitute a substantial compliance with Sections 6131.09 and 6131.15 of the Revised Code.

To construe these sections of the Code otherwise would result in placing an intolerable burden upon a land owner who desired to object to the improvement and his assessment. Before he could intelligently determine whether he had any valid objections either to the assessments or to the improvement itself, he would be required to employ at his own expense a competent engineer to furnish him with the facts and opinions which it is the mandatory duty of the county engineer to furnish in his report and schedules at no expense to the objectors.

From the record before us there appears to be a very considerable number of landowners affected by this proposed improvement who had no notice of the proceeding prior to the no-

tice of the last hearing on October 18, 1960. In view of the wide scope of the hearing provided in Section 6131.21, Revised Code, wherein the Joint Board of County Commissioners is required to review and reconsider its former order, it is important to those landowners not previously notified to have a substantial compliance with the statutes in order that they may be advised of the facts upon which the board's action is to be based. A review of the board's former order of June 10, 1960, finding in favor of the improvement clearly calls for a review and reconsideration of the factual evidence and opinions of the engineer upon which that order was based. Those land owners notified of the date of the final hearing on October 18, 1960, and present for the first time in the proceedings have a right to a substantial compliance with Sections 6131.09 and 6131.15, Revised Code, by the engineer and have a right to hear a review of the evidence from the petitioners or the engineer as to facts which show (1) the necessity for the proposed improvement, (2) that the cost of the improvement will not exceed the benefits, (3) that the improvement will be conducive to the public welfare and (4) an explanation of the benefits to each tract of land affected.

Furthermore, if a landowner desired to appeal the final order of the Joint Board of County Commissioners finding in favor of the improvement and affirming the assessments to the Common Pleas Court where the matter would be tried *de novo*, the burden of proof would be upon him to prove the negative of the questions appealable under Section 6131.25, Revised Code.

We hold therefore that the Joint Board of County Commissioners lacked jurisdiction to find in favor of the improvement on June 10, 1960, because the preliminary report of the engineer does not substantially comply with the mandatory provisions of Section 6131.09, Revised Code.

We hold further that the Joint Board of County Commissioners lacked jurisdiction to conduct the final hearing on October 18, 1960, and to find in favor of the improvement and confirm the assessments because the board did not have before it for consideration the schedules and reports of the county engineer containing those facts and opinions which are his mandatory duty to furnish as provided by Sections 6131.09 and 6131.15 of the Revised Code.

Jurisdiction over the lands of those owners affected by the proposed improvement not named in the petition is acquired by the notice provided in Section 6131.16, Revised Code. *Jones v. Board of County Commrs. of Franklin County*, 94 Ohio App., 411. In that case the plaintiff was a landowner affected by proceedings to improve a county ditch, who was not listed in the petition but who was notified as provided by Section 6456, General Code of Ohio, now Section 6131.16, Revised Code. Section 6131.21, Revised Code, provides that the Joint Board of County Commissioners shall review and reconsider its former order finding in favor of the improvement *after hearing all the evidence in the proceedings and after receiving all the schedules and reports filed by the engineer.* Thus, those affected landowners not listed in the petition have a right at the final hearing to hear a review of all facts bearing upon the question of the necessity for the improvement, any facts showing that the improvement will be conducive to the public welfare, any facts showing whether or not the cost of the improvement will exceed the benefits, facts both favorable and unfavorable to the improvement, and facts showing that assessments to each tract of land were levied in accordance with benefits and an explanation thereof as provided in Sections 6131.02, 6131.09, 6131.10, 6131.12 and 6131.15 of the Revised Code.

The plaintiffs herein will be irreparably injured if the defendants herein are permitted to proceed further with this improvement. We believe that plaintiffs have no adequate remedy at law because Section 6131.25, Revised Code, relating to appeals does not provide for an appeal on a question of jurisdiction.

The defendants will be enjoined from proceeding further with this improvement until there has been a substantial compliance with the mandatory provisions of Sections 6131.09, 6131.15 and Section 6131.21 of the Revised Code.

*Judgment accordingly.*

CRAWFORD, P. J., and KERNS, J., concur.