Lowe et al., Appellees, *v.* Hubbell et al., Hardin County, Appellants.

(No. 523—Decided October 5, 1971.)

*Mr. John L. Roof* and *Mr. Frederick E. Markley,* prosecuting attorney, for appellants.
*Mr. Thomas M. Dowd,* for appellees.

HOLMES, J. This matter is before the court by way of an appeal upon questions of law from a judgment of the Common Pleas Court of Hardin County, which court granted a permanent injunction against the appellants from proceeding further with improvements of a single county ditch, pursuant to Chapter 6131 of the Revised Code, until, as stated by the court, "there has been a compliance with the mandatory provisions of sections 6131.09, 6131.-15 and 6131.21 of the Revised Code."

In order to test the validity of the injunction as issued by the Hardin County Common Pleas Court, it will be necessary to review the history of the single county ditch petition giving rise to the controversy in this instance. Also, it will be necessary to review the applicable law.

On January 30, 1967, several landowners in Hardin County, Ohio, filed a petition, pursuant to R. C. 6131.04, with the county commissioners in order to "reconstruct, straighten, deepen and widen where necessary" a single county ditch.

Thereafter, a bond was filed, notices were given to the required landowners, a view of the premises was conducted by the commissioners, and a preliminary report was filed

by the county engineer pursuant to R. C. 6131.09, all of which procedures were followed by a preliminary finding for the improvement by the county commissioners pursuant to R. C. 6131.12.

Subsequently, the Hardin County Engineer proceeded to carry out certain duties prescribed by R. C. 6131.14. Such duties included the making of the necessary survey for the proposed improvement, drawing maps showing the location of the land proposed to be assessed and profiles showing the cuttings and gradient of the improvement.

Pursuant to the requirements of that section, the engineer also made an estimate of the actual cost of the construction, and prepared schedules showing the name of each owner of land, the land to be benefited and the amounts that such lands were to be assessed.

After such schedules had been amended as to certain individual acreage assessments, the county commissioners did, on August 12, 1968, confirm the amended schedule of assessments, allowed the improvement, and set the 9th day of September, 1968, for the letting of the contract.

Subsequently, the landowners filed an appeal to the Common Pleas Court of Hardin County. Later, according to the statement of facts herein, the appeal was voluntarily dismissed for the apparent reason that the landowners felt that R. C. 6131.25, the section providing for appeals in such ditch proceedings, did not provide a ground for appeal available to them.

The landowners thereafter filed their petition seeking a permanent injunction against any further action by the county commissioners in relation to the improvement.

The landowners, in their injunction action, presented two basic issues to the trial court by way of the pleadings, briefs and arguments:

First, that the county commissioners lacked the basic jurisdiction to proceed to the final hearing and approval of the improvement, in that:

(a) Sections 6131.01 to 6131.64 et seq., of the Revised Code set forth the procedure, powers and duties of the various county officials in the construction or improvement

of a single county ditch, and that such provisions as they relate to the duties of county officers are mandatory and jurisdictional.

(b) The Hardin County Engineer had failed to list in his preliminary report, as filed at the first hearing, "all factors apparent to the engineer, both favorable and unfavorable to the proposed improvement, so that the petitioners may be informed as to what is involved" according to the provisions of R. C. 6131.09.

(c) The engineer failed to enter in his schedule of assessments an explanation of the benefits to each landowner, so as to substantially comply with R. C. 6131.15.

The second major issue presented to the trial court, and again upon this appeal, is whether injunction should lie in that there was no adequate remedy at law.

We must decide both issues in favor of the appellees, in that the duties of the public officials, as prescribed by R. C. Chapter 6131, are mandatory and jurisdictional; that all such mandatory functions in the instant single county ditch proceedings were not carried out by such officers; and, finally, in that we determine appellees have no adequate remedy at law.

The general rule as to the construction and determination of laws pertaining to the improvements to single county drainage ditches is to be found in 18 Ohio Jurisprudence 2d 326, Drainage, Section 13, as follows:

"The general rule that statutes dealing with the delegation of powers in derogation of the rights of individuals are to be strictly construed applies to the construction of statutes providing for the establishment and construction of drainage improvements, as for example, provisions in such statutes relating to matters of jurisdiction * * * .

'Since the powers possessed by boards of county commissioners and of trustees in the location and establishment of drainage improvements are conferred by statute, their authority and jurisdiction in such matters with respect to procedure, as well as in other respects, are limited to that prescribed by statute."

The further statement relative to the construction to

154

be placed upon such statutes is to be found in Section 14 of such text, at page 327:

"The statutes authorizing the establishment of drainage improvements make the jurisdiction of proceedings for such purpose depend upon the existence of certain facts and conditions, which are classified and discussed in the sections immediately succeeding. It may also be stated here that under the rule requiring a strict construction of such statutes, statutory directions as to matters of procedure are generally construed as mandatory and jurisdictional, and a substantial compliance therewith is required in order to confer jurisdiction on a board of commissioners or trustees to proceed with the establishment and construction of a particular improvement. * * * ."

These basic propositions of law were considered and approved in the case of *Woodmansee* v. *Cockerill* (1961), 115 Ohio App. 409, which case, in essence, was very similar in its fact pattern to the matter before this court.

The court, in granting an injunction under somewhat similar circumstances, set forth in the syllabus, as follows:

"1. Statutes which have as their purpose the security of a person or which are designed for the protection of his rights are mandatory.

"2. The intention of the Legislature determines whether a statute is mandatory or directory; and such intention is to be ascertained from a consideration of the entire act, including its nature, character, reason, subject, and subject matter.

"* * *

"6. The provisions of Section 6131.09, Revised Code, concerning the preliminary report of the county engineer respecting a county ditch improvement, are mandatory, and a substantial compliance therewith is essential to the exercise of jurisdiction of a Joint Board of County Commissioners to proceed with such proposed improvement.

"7. There is no substantial compliance with the provisions of Section 6131.09, Revised Code, by the county engineer and such board does not have jurisdiction to conduct a hearing and make an order concerning such pro-

posed improvement, where such engineer's preliminary report does not contain a statement of his opinion as to whether benefits from such proposed improvement are likely to exceed the costs thereof and all factors apparent to such engineer, both favorable and unfavorable, concerning the proposed improvement are not listed.

"8. The provisions of Section 6131.15, Revised Code, relative to the preparation by the county engineer of a second schedule of assessments in a proceeding having to do with a proposed joint county ditch improvement, are mandatory, and there is no substantial compliance therewith where such engineer does not explain what benefit will accrue to each tract of land affected by the proposed improvement.

"9. In such case, the Joint Board of County Commissioners lacks jurisdiction to conduct a final hearing, find in favor of the proposed joint county ditch improvement, and confirm the assessments, where such board did not have before it for consideration the schedules and reports of the county engineer containing those facts and opinions which it is his mandatory duty to furnish pursuant to Sections 6131.09 and 6131.15, Revised Code.''

R. C. 6131.09, concerning the preliminary report of the county engineer respecting a county ditch improvement, is as follows:

"When notified of the filing of a petition authorized by Section 6131.04 of the Revised Code, the county engineer shall prepare a preliminary estimate of the cost of the proposed improvement. The engineer shall file at the first hearing, as a guide to the commissioners and the petitioners, a preliminary report including his preliminary estimate of cost, comment on feasibility of the project, and a statement of the engineer's opinion as to whether benefits from the project are likely to exceed the estimated cost. Such preliminary report shall list all factors apparent to the engineer, both favorable and unfavorable to the proposed improvement, so that the petitioners may be informed as to what is involved. The county commissioners may require the county engineer to file any additional prelim-

inary reports, of whatever nature, which in the opinion of the board will serve as a guide to the board and the petitioners in deciding whether to proceed with the proposed improvement.''

In testing the preliminary report of the county engineer filed in the matter of the Carmean Single County Ditch No. 902, as against the requirements of the statute, we find the following:

The preliminary estimate of the cost of the proposed improvement is set forth.

There was a comment that ''the improvement is necessary for public welfare and economically feasible.''

There was a statement that ''benefits received will be greater than the cost incurred.''

Further findings of the county engineer relative to the ditch improvement were included within such preliminary report, as follows: ''The main problem on this ditch is an accumulation of trees and brush which has in turn caused a deposit of silt in the channel. It is the intention of this petition to design and clean the channel in order to give the ditch capacity to sufficiently discharge a 2½ inch rainfall within a 24-hour period.''

In a composite review of the material included in the preliminary report, we hold that there has been a substantial compliance with R. C. 6131.09.

The report shows that the channel of the ditch will be cleared of trees and brush and the accumulated deposit of silt. Such cleaning of the channel will permit the discharge of a 2½ inch rainfall within a 24-hour period.

The report further sets forth just what is entailed in the engineering and construction of the improvements to effect such flowage.

The inclusions relative to the design, construction and resultant purpose may be viewed as the favorable factors apparent to the engineer, as set forth in the statute. The unfavorable factors ''apparent to the engineer,'' as appear in the engineer's testimony at page 28 of the record, would have relationship to an individual property owner's geographic location in relation to the proposed ditch improvement.

Although there must be a substantial compliance with this statute, as well as others to be discussed later herein, it is also necessary that we give a reasonable interpretation to the meaning and intent of the words or filings of the official involved.

A substantial compliance with R. C. 6131.09 may be effected by general language inclusive of the beneficial and favorable factors involved with the project of improvement. A numerical listing of such favorable factors is not required within the meaning and intent of the statute.

The chapter on single county ditch law provides for additional specific duties to be carried out by the county engineer. R. C. 6131.14 sets forth a broad list of duties to be performed by the engineer, such as the making of the necessary survey for the proposed improvement; making plans for structures; making maps showing the land to be assessed; and profiles showing the cuttings and gradient of the improvement; making an estimate of the cost of the improvement, including costs of construction, engineering and notices; recommending the maintenance district in which the improvement shall be placed; establishment of bench marks; and making a schedule of work to be done.

There appears to be no question raised, either in the trial court or here, that the engineer had not performed all the above duties. Parenthetically, we wish to state that a review of the transcript of the proceedings of Carmean County Ditch No. 902 shows that, as a matter of fact, the engineer had performed such duties and functions.

There is yet another section of the code, setting forth the duties and responsibilities of the county engineer in this type of proceeding, and that is R. C. 6131.15. Although, as noted, we differ with the judgment of the trial court as to the absence of substantial compliance with R. C. 6131.09, we must agree that there has not been a substantial compliance with the mandatory terms of R. C. 6131.15.

R. C. 6131.15, after providing for the appraisal by the engineer of the benefits accruing to public corporations and the establishment of the assessments therefor, continues as follows:

"The county engineer shall prepare a second schedule of assessments containing the name and address of each private owner of land and a description of the land believed to be benefited by the proposed improvement, which names and descriptions shall be taken from the tax duplicates of the county. He shall enter in such schedule the amount of the appraised assessment to be assessed to each tract of land, and an explanation of the benefits, by reason of the construction of the improvement, upon which the assessment is based. The total of these appraised assessments plus the total appraised assessments allocated to public corporations and the state shall equal the estimated cost of the proposed improvement."

To test the compliance with the mandatory provisions of this section, we again turned to the transcript of the ditch proceedings and found that the county engineer did prepare a schedule of assessments containing the name and address of each private owner of land and a description of the land believed to be benefited by the proposed improvement.

Also, the record shows that the engineer did enter in such schedule the amount of the appraised assessment to be assessed to each tract of land.

However, at this point the record of the proceedings before the county commissioners is devoid of the remaining mandatory requirement of R. C. 6131.15, that there shall be entered in such schedule "an explanation of the benefits, by reason of the construction of the improvement, upon which the assessment is based."

It appears that such an explanation of the benefits was omitted from the schedule of assessments by the county engineer because the engineer felt that the schedule form was not of adequate size to include such information.

However, the absence of adequate space to include such necessary information does not provide a reasonable excuse for failing to make this information a part of the record of the proceedings.

The information required need not be in any given format, nor need it be entered on the face of the form. It

would be perfectly proper to provide such information with other exhibits, work sheets, schedules or data separate and apart from the main schedule form.

It is interesting to note that the benefits and the assessments therefore were calculated through the use of just such exhibits or work sheets.

One work sheet, marked defendants' exhibit 1, was in the form of a topographical map on which were noted different benefited areas within the watershed area. Each benefited zone was colored differently, and the location of the lands within the various areas would then indicate the particular percentage of benefits to the particular acreage.

It would appear that such a device or work sheet provides a very sound approach to the visual explanation of the benefits to be derived from such a proposed improvement.

The fly in the ointment, however, is the fact that such work sheets, which would have been supportive of the schedule of assessments, and in our view in compliance with R. C. 6131.15, were never filed with the county commissioners at the time of the ditch proceedings and hearings herein.

We shall now briefly touch upon the appellants' argument that an injunction should not lie, in that there is an adequate remedy at law.

At the outset, we shall state that there is no adequate remedy at law for the appeal of questions of jurisdiction of the board of county commissioners to proceed in these single county ditch matters.

The provisions for an appeal from a hearing or order issued pursuant to R. C. 6131.21 is statutory, and is to be found in R. C. 6131.25, which specifically enumerates the grounds upon which an appeal may be taken to the Common Pleas Court.

R. C. 6131.25 is as follows:

"Any interested owner may appeal to the Court of Common Pleas from a final order made by the board of county commissioners, as provided in Sections 6131.01 to

6131.64, inclusive, of the Revised Code, and may appeal any one or more of the following questions:

"(A) Is the improvement necessary?

"(B) Will the improvement be conducive to the public welfare?

"(C) Is the cost of the improvement greater than the benefits conferred?

"(D) Is the route, termini, or the mode of construction the best to accomplish the purpose of the improvement?

"(E) Are the assessments levied according to benefits?

"(F) Is the award for compensation or damages just?

"Such appeal may be taken from any order affecting any part of the improvement, as well as from any order affecting the entire improvement."

Judge Sherer, speaking for the court in *Woodmansee v. Cockerill, supra* (115 Ohio App. 409), at 425, determined that such section provided no appeal in a like set of facts, as follows:

" * * * We believe that plaintiffs have no adequate remedy at law because Section 6131.25, Revised Code, relating to appeals does not provide for an appeal on a question of jurisdiction."

Appellant argues that R. C. 6131.30 provides that upon appeal of such county ditch matters the Common Pleas Court shall hear the matters *de novo*, and that upon appeal the Common Pleas Court is required to exercise independent judgment upon all issues of fact and law submitted for determination, which includes an issue as to whether assessments are levied according to benefits.

It is true that such an appeal would be a *de novo* proceeding, and it is also true that the Common Pleas Court must exercise its independent judgment on all matters submitted upon appeal. However, there must be another consideration in determining the adequacy of the remedy by way of appeal, and that is the breadth of the issues to be presented to the Common Pleas Court on a *de novo* appeal.

It is our view that the issues which may be presented to the Common Pleas Court upon appeal would encompass only those matters as limited by R. C. 6131.25 and as contained in the record of the county ditch proceedings before the board of county commissioners.

Only matters of record being before the Common Pleas Court upon appeal, the supportive material, in the form of work sheets of the county commissioners, would not be a part of the record and therefore would not be before the court to be considered as part of its *de novo* appeal.

Therefore, we conclude that the appellees had no adequate remedy at law by way of an appeal pursuant to R. C. 6131.25 and that injunction will lie in such an instance.

We therefore modify the judgment of the Common Pleas Court by eliminating therefrom any requirement for further compliance with R. C. 6131.09 and, as so modified, affirm that judgment.

*Judgment modified and affirmed.*

GUERNSEY, J. (presiding), and COLE, J., concur.

HOLMES, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.