Stephenson, J.
 

 It must be borne in mind that the Building Code of Ohio is a police measure, and as such it must be accorded the liberality that all law accords to police regulations.
 
 Mirick
 
 v.
 
 Gims, Treas.,
 
 79 Ohio St., 174, 86 N. E., 880, 20 L. R. A. (N. S.), 42. The law as announced in the syllabus of this case does not bear on the question in the case at bar, but in his reasoning Judge Davis very clearly expresses the limitations of the police power. General enactments intended to conduce to the public health and safety will not be rendered nugatory because of the fact that particular
 
 *189
 
 parts or sections thereof may offend against the business of a particular class.
 

 The general welfare of the public must demand the first consideration of the court. At the same time, the court cannot waive aside the plain provisions of the Constitution on the theory that even the Constitution must bend to the public good.
 

 Are these provisions in derogation of the Constitution?
 

 Where a power is
 
 quasi
 
 legislative, or
 
 quasi
 
 administrative, or
 
 quasi
 
 judicial, or a combination of all of them, the Legislature may, where such twilight zone of distinction applies, characterize the power and confer it upon any agency it selects or creates for the purpose.
 
 Miami County
 
 v.
 
 City of Dayton,
 
 and
 
 State, ex rel. Duncan, Pros. Atty.,
 
 v.
 
 Franklin County Conservancy District,
 
 92 Ohio St., 215, 110 N. E., 726, ninth paragraph of syllabus, approved and followed.
 

 It might be said, in passing, that it always has been and always will be the policy of our government, national and state, to keep distinct and separate our legislative, judicial and executive departments of government, so that each may operate as a check and balance upon the other; but government would prove abortive if it were attempted to follow such policy to the letter. State agencies and public officials, regardless of classification, could not function if this rule were strictly followed, particularly in the exercise of the police power of the state.
 

 The principal contention in this case is the delegation of the power to the building commission to establish a standard of equivalents.
 

 We see no serious contention along this line. The Legislature very wisely provides that such standards must be measured by the considerations of safety and sanitation. The right of the public to be heard when a specific requirement is departed from has been preserved by Section 12600-290, General Code of Ohio.
 

 
 *190
 
 This court finds that the Building Code of the state of Ohio, as provided for in Sections 12600-1 to 12600-299, inclusive, G-eneral Code of Ohio, is a police regulation and as such is not in derogation of the Constitution of the state of Ohio.
 

 Coining now to the consideration of the cause as a proceeding in error whereby it is sought to reverse the judgment of the Court of Appeals of Franklin county, Ohio, the court finds no error in the record, and the judgment of that court is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day and Kinkade, JJ., concur.