THE STATE, EX REL. DEAN, *v.* HUDDLE.

[Cite as State, ex rel. Dean, v. Huddle (1975),
45 Ohio App. 2d 163.]

(No. 74AP-405—Decided June 12, 1975.)

*Messrs. Clayman & Jaffy* and *Mr. John W. Kenesey,* for relator.

*Mr. James J. Hughes, Jr.,* city attorney, and *Mr. Earl J. Silberman,* for respondent.

McCormac, J. Relator commenced this action by filing a petition for a writ of mandamus, alleging that he was a classified employee in the development department of the city of Columbus until December 31, 1973, when he was laid off from his job. He alleges that the layoff was illegal and not in accordance with the rules and regulations of the Municipal Civil Service Commission of the city of Columbus. Relator prays for a writ of mandamus compelling respondent to return him to his employment in the development department, and for compensation for the period of time during which relator was wrongfully excluded from his employment.

Respondent moved to dismiss the complaint on the grounds that it failed to state a claim upon which relief could be granted. By a decision of this court, rendered October 29, 1974, that motion was overruled, on the basis that the allegations of the complaint, if proven, would allow relator an action in mandamus. Respondent then answered, admitting relator's employment, but denied that any illegal layoff took place. Respondent further asserted a number of affirmative defenses, including lack of jurisdiction, for the reason that relator has an adequate remedy in the ordinary course of law; laches; estoppel; and a failure to demand an amount certain in liquidated damages.

Pursuant to the rules of this court, the parties entered into stipulations of evidence applicable to this cause. After most of the stipulations were submitted, respondent moved again to dismiss the claim on the basis that the court had no jurisdiction of the subject matter, or should not assume jurisdiction because there was a plain and adequate remedy in the ordinary course of law. It also asked, in the alternative, for an order to remand the action for an administrative hearing before the Civil Service Commission of Columbus.

Relator entered the classified civil service of the city of Columbus as a junior draftsman on March 24, 1963. Through various promotions, he became a development project assistant one, in the urban renewal division of the Department of Development in 1968 and, except for a ten-month period during 1971 and 1972, remained in this classi-

fication until December 31, 1973, the date on which he was laid off. There was only one position of development project assistant one (urban renewal) in the classified service of the city at that time, although there were other somewhat similar positions in other sections of the development department.

Respondent, as director of the Department of Development, is relator's appointing authority. During 1973, respondent received the mayor's 1974 budget recommendations, which indicated that the level of funding for the urban renewal division would be reduced by $104,897 from the 1973 funding level. Respondent determined it would be necessary to lay off personnel in the Department of Development and requested the administrator of the urban renewal division to provide names of persons who might be laid off.

The administrator submitted a report to respondent, listing five persons, including relator, who might be laid off. Respondent, on December 10, 1973, wrote to the personnel director of the Civil Service Commission, as follows:

"Due to a reduction in the 1974 fiscal year budget for the Division of Urban Renewal it is necessary that we reduce the personnel in that division by three people by January 1, 1974. We will be able to absorb two clerk-typists twos in two other divisions within the Department of Development.

"You are hereby notified in accordance with Rule 13, Section C1 of the Civil Service Rules and Regulations that the one remaining reduction will be made in the following classification: Development Project Assistant One (Urban Renewal)."

At the time respondent wrote the letter of December 10, 1973, he knew that relator was the only development project assistant one in urban renewal. The personnel director wrote to respondent on December 12, 1973, stating in part:

"We find in reviewing our records that you currently have only one employee in this class, that being Fred Dean, and therefore he would be the person who would have to be

laid off, in accordance with Civil Service Rules and Regulations."

Relator was thereafter given a personnel action form on December 21, 1973, advising him that he would be laid off effective December 31, 1973. On December 28, 1973, before he was laid off, relator wrote to the Civil Service Commission, as follows:

"I am currently employed by the City of Columbus Department of Development. Due to 1974 budget cutbacks I have been laid off effective January 1, 1974. I hereby request a review of my case before the Commission on the grounds that I have been treated unfairly."

The personnel director of the Civil Service Commission answered relator's letter of December 28, 1973, by a reply letter dated January 7, 1974, as follows:

"We have reviewed the procedure relating to your layoff. We find no violation of Civil Service Rules or Regulations."

The Civil Service Commission did not receive relator's letter, nor was it aware of relator's layoff or the claimed need for a layoff until January 24, 1975, when, during an official meeting, counsel for respondent advised the commission of relator's request for review. During the entire course of almost 11 years' employment with the city of Columbus, relator's job performance has been satisfactory.

There were part-time employees, as well as certain employees having provisional civil service status, working in the development department at and after the effective date of relator's layoff. Other employees have since been hired for positions in the development department, other than development project assistant one (urban renewal). Relator's duties, after his layoff, have been performed in part by a development project assistant three (loans and grants) working in urban renewal with a seniority date of hire of September, 1972. Since relator's layoff, no additional employee has been hired under the designation development project assistant one (urban renewal).

On August 30, 1974, relator filed his petition for a writ of mandamus with this court. At the official meeting held on

January 24, 1975, the Civil Service Commission voted to approve relator's December 28, 1973, request for a review of his layoff, and scheduled a hearing for January 31, 1975. On January 28, 1975, counsel for relator wrote to the commission advising of the pendency of this action, and requested that the hearing date be postponed.

The first issue presented to this court is whether we have jurisdiction over this mandamus action. R. C. 2731.05 provides, as follows:

"The writ of mandamus must not be isssued when there is a plain and adequate remedy in the ordinary course of the law."

If it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion and those courts are required to deny the writ. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

Respondent contends that relator has an adequate remedy by way of appeal through either R. C. 2506.01, or to the Civil Service Commission under the charter of the city of Columbus. Relator argues that there is no right of appeal under either of these provisions, and that the only adequate remedy at law is by way of a writ of mandamus. Respondent first contends that relator has a remedy at law by way of an appeal to the Civil Service Commission. Section 149-1, Appeals, of the Columbus City Charter provides, as follows:

"Except as otherwise provided in this charter any employee of the City of Columbus in the classified service, who is suspended, reduced in rank or compensation or discharged, except building and housing regulations superintendent, recreation superintendent, sealer of weights and measures, workhouse superintendent, automotive shop superintendent of the division of municipal garage, sanitation superintendent, and parks superintendent, may appeal from such decision or order therefor, to the civil service commission within ten days from and after the date of such

decision or order. In such event, the commission shall forthwith notify the official issuing the order of suspension, reduction or discharge, who shall forthwith transmit to the commission a copy of the charges and proceedings thereunder. The commission shall hear such appeal within ten days from and after the filing of the same with the commission and may affirm, disaffirm or modify the action of such officer and the commission's judgment in the matter shall be final. In the event that the name of any of the positions enumerated above is hereafter changed, the exception expressed above shall apply to the successor position whatever name it may be called.''

This section provides a right for any employee in the classified service who is suspended, reduced in rank or compensation, or discharged to appeal to the Civil Service Commission. In this particular instance, relator was laid off, a situation not precisely within the provision for an appeal from suspension, reduction in rank or compensation, or discharge. Respondent contends that when a person is laid off he is reduced in rank or compensation and that the layoff legality can be challenged by an appeal under Section 149-1. Relator contends that the charter provision does not authorize an appeal from a decision which results in the employee's layoff, in that to lay someone off is ''to cease to employ (a worker) usually temporarily because of slack in production and without prejudice to the worker * * *.'' Webster's Third New International Dictionary (1969 ed.).

The court finds that there is no provision in the Columbus City Charter for an appeal from a layoff, as layoffs are not included in the term ''reduced in rank or compensation'' as, instead of a reduction in rank or compensation, there is a complete lack of compensation during the period of a layoff. Since the city charter is the sole source of the commission's power to hear appeals, and no such power has been conferred, the commission may not validly confer such power upon itself. *Davis* v. *State* (1933), 127 Ohio St. 261. Therefore, the attempt on the part of the Civil Service Commission to permit relator's appeal 13 months after

it was submitted has no legal effect, since there is no provision for an appeal to the Columbus Civil Service Commission for layoffs.

Respondent contends secondly that the order laying off relator may be appealed to the Court of Common Pleas, under R. C. Chapter 2506. R. C. 2506.01 provides, as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

As we have previously found, relator's layoff in the instant case was an administrative action not subject to appeal to the Civil Service Commission. The question then is whether that administrative decision to lay off relator may be appealed under the provisions of R. C. 2506.01. Since the decision did not require notice, a hearing and the opportunity for the introduction of evidence, it was adminsstrative, rather than quasi-judicial; hence, it is not a matter which may be appealed. *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150; *Delong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62. Consequently, relator has no plain and adequate remedy in the ordinary course of the law, and

this court has jurisdiction to entertain the complaint for a writ of mandamus.

The next issue is whether relator's layoff was accomplished according to the rules and regulations of the Columbus Civil Service Commission. Procedures for layoffs in the classified service of Columbus are governed by Rule 13, Section C of the Rules and Regulations of the Municipal Civil Service Commission. Section C provides as follows:

"Lay-Off Procedure.

"1. Whenever it becomes necessary, because of a material change in duties or organization or shortage of work or funds, to reduce the number of employees in any department of the city, notice shall be filed with the Commission.

"2. Upon receipt of such notice the Commission shall certify the names of those to be laid off, based on seniority, but in the following order (the top of the list being the first to be laid off):

"(a) Emergency employees.
"(b) Provisional employees.
"(c) Seasonal employees.
"(d) Probationary employees.
"(e) Permanent (regular) employees.

"Such lay-off shall also take into consideration the following order:

"(a) Division
"(b) Department
"(c) City-wide

with bumping rights against all other employees with less seniority in the same class. Those affected by the bumping shall have bumping rights against lesser seniority employees in a lower-rated class within the same job family for which he is qualified, at his option.

"3. The names of such persons shall be placed at the top of the reemployment list in order of seniority; and may be certified for appointment in any department coming within the scope of the Charter and these rules. However, when an appointing authority has a vacancy to fill he shall appoint the eligible at the top of the appropriate list if such person was laid off from his department."

Relator contends that the provisions of this rule were ignored in five respects: (1) the commission did not receive notice of the claimed need for a layoff; (2) the commission did not certify the names of those to be laid off; (3) relator's layoff was not based upon his seniority, nor were the provisional and part-time employees laid off before relator; (4) relator was not given an opportunity to exercise his bumping rights; and (5) there is no evidence that relator was placed at the top of a reemployment list for appointment to any department within the city.

Respondent concedes that there were certain "procedural errors" wherein the commission did not certify names and failed through a lack of communication to hear the appeal of relator, but denies, except for the procedural errors mentioned above, any irregularity or improper method of layoff in relator's case.

A review of the civil service rules and regulations, and the procedure which was utilized demonstrates substantial errors, both of procedure and of substance. Civil service regulations are designed for the protection of the individual against political or personal prejudice; hence, the rules as stated require the commission to be given notice of the necessity to reduce the number of employees in any department, and the commission to certify the names of those to be laid off, rather than permitting anyone to pre-empt the authority of the commission in this respect. Although argumentatively it could be said that the commission was given notice of the necessity of the layoff, since their personnel director received notice, neither the personnel director nor the commission made an independent certification of names of those to be laid off according to civil service rules or regulations. Instead, the personnel director merely gave relator's name as the only development project assistant one (urban renewal), a fact that everyone knew. No appraisal was made as to whether he was the person that should be at the top of the list to be laid off, based on his seniority in comparison with other employees of the department, and his status as a permanent employee, as compared with others potentially subject to layoff who had probationary status. The argument that this procedure is

purely procedural, and did not affect the substantive rights of relator does not hold water. There were, as stipulated, other employees with lesser seniority and lesser status who were subject to layoff before relator. Had the commission made the independent analysis required by their rules and regulations, it is apparent that Fred Dean would not have been at the top of the list to be laid off. Furthermore, the commission may not delegate this power to a private person, including its personnel director. See *State, ex rel. Marshall, v. Civil Service Comm.* (1967), 11 Ohio App. 2d 84, at 95, reversed on other grounds, 14 Ohio St. 2d 226.

In addition, no notice was given relator as to his bumping rights prescribed by Rule 13(C) of the civil service rules, and he was not placed at the top of the reemployment list, or given any opportunity to be reappointed. It has been stipulated that other appointments in the department of development have been made since the time of relator's layoff. Consequently, relator's layoff was not accomplished according to the rules and regulations of the Columbus Municipal Civil Service Commission, and the layoff was illegal. Therefore, relator is entitled to a writ of mandamus issued to respondent, compelling respondent to secure and return relator to his employment in the development department of the city of Columbus.

The final issue before this court is whether relator is entitled to recover damages as part of his action in mandamus for the period during which he was wrongfully excluded from his job. His petition in mandamus contains a general prayer for money damages, but does not specify an amount due.

The judgment in this mandamus action cannot include money damages. The Rules of Civil Procedure apply in a mandamus action, except where clearly inapplicable. Civ. R. 1 (C). In addition, R. C. 2731.09 provides, in part, as follows:

"* * * The pleadings have the same effect, must be construed, may be amended, and issues of fact made by them must be tried, and further proceedings thereon had, in the same manner as in civil actions."

Furthermore, our rules provide as follows:

"Rule 11, Original Actions, Section 1—How Instituted.

"An original action, other than habeas corpus, shall be instituted by the filing of a complaint, together with three copies thereof, and service shall be made, and such action shall proceed as any civil action under the Ohio Rules of Civil Procedure."

Civ. R. 54(C) is applicable to mandamus actions and requires the petitioner to state the amount of money damages claimed, and limits the judgment for money to the amount claimed in the demand, unless the demand is amended not later than seven days before the commencement of the trial. Since no specific amount of money damages was claimed in this action, relator is precluded from a recovery of such damages. However, relator is not precluded from bringing an action at law for money damages for the loss of wages proved because of his wrongful exclusion from employment because recovery of money damages in a mandamus action is discretionary. R. C. 2731.11.

The Ohio Supreme Court has held that a reinstated public employee may recover compensation due him for the period of time during which he was wrongfully excluded, provided the amount recoverable is established with certainty. *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190. The amount recoverable in that event is the compensation which the employee would have received had he not been wrongfully excluded from his employment, reduced by the amount he earned, or in the exercise of due diligence could have earned in separate employment during the period of exclusion. *Monaghan* v. *Richley, supra; State, ex rel. Wilcox,* v. *Woldman* (1952), 157 Ohio St. 264. Respondent has raised the affirmative defense of laches, claiming that relator delayed initiating this action to the damage of respondent. That defense is not applicable to the previously determined decision to reinstate relator, as respondent has not demonstrated any prejudice in this regard due to the delay, as no substitute employee has been hired who might have rights in relation to relator's job. It is conceivable, however, that that defense may apply in part towards the issue of mitigation of damages.

To sum up the law in regard to the recovery of dam-

ages in a mandamus action resulting in the reinstatement of an employee, damages may be recovered in the same action where they are specifically claimed, provided the amount recoverable is established with certainty, but not where the amount is unliquated and indefinite in amount. Applying these guidelines to the present action, the amount of recovery applicable is not demonstrated to be established with certainty, based on the state of the record in this case. As pointed out previously, relator may pursue a separate action at law to recover damages.

It is the judgment of this court that a writ of mandamus issue to respondent, compelling him to return relator to his employment in the development department of the city of Columbus.

*Writ granted.*

Whiteside and Reilly, JJ., concur.

Whiteside, J., concurring. Unfortunately, the Columbus City Charter makes no provision for layoffs. Section 149 of the charter enumerates certain matters which must be included in the rules of the Civil Service Commission, including suspension for purposes of discipline (paragraph 1) and discharge, or reduction in rank or compensation (paragraph m), but not layoff. Paragraph (p) of the charter does provide for "such other rules, not inconsistent with" Section 149 of the charter "as may be necessary and proper for the enforcement of the merit system." Presumably, Rule 13(C), with respect to layoffs, was adopted pursuant to paragraph (p) of Section 149 of the charter. There is no contention that such rule is inconsistent with Section 149, nor that it is not necessary and proper for the enforcement of the merit system.

Broadly speaking, a layoff is a suspension, but not a suspension for disciplinary reasons. A suspension with respect to employment is a temporary withdrawal or cessation of employment. Thus, a temporary layoff is a type of suspension from employment. See *Curtis* v. *State, ex rel.*

*Morgan* (1923), 108 Ohio St. 292. The employee retains title to the position even during the period of layoff, if it be temporary. A permanent layoff, however, is a discharge or separation from service. Paragraph (k) of Section 149 of the charter makes provision for "persons who, without fault or delinquency on their part, are separated from the service." There is no evidence herein that the layoff was permanent and, thus, the equivalent of a discharge or separation from the service.

Section 149-1 of the charter provides for an appeal by an employee who is "suspended, reduced in rank or compensation or discharged." Unlike R. C. 124.34, the appeal provided by Section 149-1 is not expressly limited to action taken for disciplinary reasons. However, with respect to suspension, the apparent intent would be with respect to suspensions for disciplinary reasons, pursuant to paragraph (1) of Section 149.

Even assuming that relator has a remedy of appeal, pursuant to Section 149 of the Columbus City Charter, which he attempted to assert, under the circumstances of this case, such remedy has not proved to be an adequate remedy. Relator was advised to the effect that there was no appeal. The action of the Civil Service Commission taken more than a year later was not the affording of the remedy of appeal to relator but, rather, pursuant to paragraph 58 of the stipulation, the commission "voted to approve Relator's request for a review of his layoff." Whether the commission considers the matter as an appeal, pursuant to Section 149-1, or an investigation "concerning the enforcement and effect of the civil service provisions and of the rules thereunder," pursuant to Section 149, is not clear.

Under the circumstances of this case, relator has no *plain and adequate* remedy of appeal, so mandamus is appropriate and available.

I concur in the judgment for the reason stated in the majority opinion.