IN RE SINGLE COUNTY DITCH.

[Cite as In re Single County Ditch (1976), 50 Ohio App. 2d 114.]

(No. 1-76-41—Decided November 2, 1976.)

*Messrs. Siferd & Eaton,* for appellant Cecil McElroy.
*Mr. David E. Bowers,* prosecuting attorney, and *Mr. Anthony J. Bowers,* for appellee Board of County Commissioners of Allen County, Ohio.

*Per Curiam.* The Board of County Commissioners of Allen County filed its petition with the Clerk of the Court of Common Pleas of Allen County on March 8, 1974, seeking a drainage improvement more fully described therein and setting forth the names of some 98 property owners whose lands would be benefited by the improvement. As the proceedings progressed through that court and by reason of amendments it was determined that some 777 property owners would be benefited and after final hearing the court filed its entry on May 17, 1976, in favor of the proposed improvement and approving the maps, profiles, plans, schedules and reports prepared by the County Engineer, approving and confirming the schedule of assessments (except as to property owners having filed formal written objections thereto), ordering the payment of the assessments in various semi-annual installments dependent upon amount, ordering the issuance of notes in anticipation of the assessments, and ordering the letting of contracts for the construction of the improvement.

It is from this order that Cecil McElroy, an affected and allegedly benefited property owner, has filed her notice of appeal (in the form provided for appeals from civil cases) and she is the sole property owner who has appealed from that order. She has not filed a bond in connection with the appeal and it does not appear in the record before this court that the lower court has in any manner stayed

the execution of the order appealed. The Board of County Commissioners of Allen County constitutes the only other party to the trial court proceedings to appear in this appeal, appearing as appellee in support of their petition and of the order of the common pleas court.

Although the appellee has not filed a motion to dismiss this appeal, it has set forth in its brief assertions why the appeal should be dismissed. We shall initially consider these assertions to the extent that they might affect our jurisdiction to entertain the appeal and are not referable solely to the merits of the appellant's appeal. In doing so we are mindful of the fact that drainage proceedings generally involve an exercise of both the police power of the state and the right of eminent domain, *i. e.*, the appropriation of private lands to public use. 18A Ohio Jurisprudence 2d 191, Drainage, Section 8. "The general rule that statutes dealing with the delegation of powers in derogation of the rights of individuals are to be strictly construed applies to the construction of statutes providing for the establishment and construction of drainage improvements, as for example, provisions in such statutes relating to matters of jurisdiction." 18A Ohio Jurisprudence 2d 196, Drainage, Section 14.

We find only one of these matters not referable to the merits of the appeal, specifically, the fact that appellant has not filed an appeal bond "as provided in R. C. 2505.09."

In dealing with this appeal we are also dealing with a morass of legislation in that the legislature has failed to recognize true distinctions between a judicial proceeding in the common pleas court from which a judgment arises and a quasi-judicial proceeding before a board of county commissioners resulting in a decision or order. See 28 Corpus Juris Secundum 284, Drains, Section 17. Much of this morass further results from the fact that as formerly conceived the appeal from common pleas court in a drainage proceeding where the county owned land to be benefited and petitioned the improvement in common pleas court was "to the superintendent, of public works as the drainage commissioner." 108 Ohio Laws 947 (G. C. 6474).

Subsequent provision was essentially as it is now that "[f]rom any final order or judgment of the court, an appeal may be taken as in civil cases." R. C. 6131.62.

In the title pertaining to single county ditches the only provision for bond in connection with an appeal is that contained in R. C. 6131.26. This court formerly held in the case of *In re Joint County Ditch* (1952), 94 Ohio App. 169 (Motion to certify overruled, Nov. 19, 1952. Appeal dismissed, 158 Ohio St. 332), that the provisions of former G. C. 6468, now R. C. 6131.26, apply exclusively to appeals to the common pleas court from the final order entered upon the journal of the board of county commissioners, and do not apply to appeals to the courts of appeals taken from final orders made by the common pleas court upon appeal from final orders made by the board of county commissioners. This court did not specifically hold that G. C. 6468, now R. C. 6131.26, did not likewise apply to appeals to the courts of appeals taken from final orders made by the common pleas court in a ditch proceeding originally filed by a board of county commissioners in that court. It is clear that under former law, 108 Ohio Laws 947 (G. C. 6475), an appeal bond was required to perfect an appeal to the court of appeals from such a proceeding, but a complete reading of R. C. 6131.26, in the context of and in the organization of Chapter 6131 of the Revised Code, indicates that the legislature did not intend that the provisions of R. C. 6131.26 as to appeal bond should apply to appeals from original drainage proceedings in the courts of common pleas but instead expected such proceedings to be governed by the provisions of Chapter 2505.

R. C. 2505.06 requires the filing of an appeal bond to perfect an appeal on questions of law and fact but since appeals to the courts of appeals on questions of law and fact have been abolished (Appellate Rule 2) and since the appeal provided by R. C. 6131.62 "may be taken as in civil cases," the filing of an appeal bond is not required to perfect an appeal from the court of common pleas in a ditch proceeding originating in that court on petition of a board of county commissioners. Of course, in order for the

appeal to operate as a stay of execution of the order of the common pleas court (but not to perfect the appeal) it still is necessary to file a supersedeas bond as prescribed by R. C. 2505.09, *et seq.*

In oral argument the appellee also has raised the issue of whether the order appealed from is a final order in that some assessments were reserved for further consideration. However, the proceedings in the trial court were for this purpose, special proceedings under R. C. 2505.02. A final order in a special proceeding need merely affect a substantial right and need not determine the action. The order here was appealable in this sense.

We must, therefore, reject the claim of the appellee that the appeal should fail because of the lack of a final order or the fact that the appellant has not filed an appeal bond. We then proceed to appellant's assignments of error.

*First Assignment of Error.* "The Board of County Commissioners lacked authority to file its petition with the Court of Common Pleas, and the Court of Common Pleas lacked jurisdiction to hear and determine the matters alleged in the Board's petition, because the record fails to show that, as required by Section 6131.62, R. C. the Board had rendered an opinion by resolution entered on its journal that any land owned by the County or any highway therein under the Board's supervision was in need of drainage and that such drainage would also specifically benefit other land."

This assignment of error is based on the first sentence of R. C. 6131.62 prescribing, "[w]hen in the opinion of the board of county commissioners, by resolution entered on its journal, any land owned by the county or any highway therein, under its supervision, is in need of drainage, and such drainage will also specially benefit other land, the board may file a petition without bond for such improvement in the court of common pleas of the county." The appellant asserts that this constitutes a condition precedent to the filing of such a petition fulfillment of which must be evidenced by a resolution of the board and that when such a resolution does not appear in the record and the pe-

tition does not make reference to same or to the requisite opinion of the board, the board was without authority to file the petition and the common pleas court lacked jurisdiction to proceed thereon.

On the other hand, the appellee board would have us conclude that by an amendment to R. C. 6131.04 adopted, effective August 23, 1957, the county was placed on the same basis as any other owner with respect to filing a petition and, in effect, need not adopt a resolution of necessity.

It is our opinion, however, that the basic authority of a county to petition for a drainage improvement is derived from R. C. 6131.62 and that R. C. 6131.04 merely prescribes the form of and the places for filing a petition, determined by the character of the petitioner. We need not comment further on whether R. C. 6131.62 established a mandatory requirement that the board of county commissioners adopt a resolution of necessity because neither R. C. 6131.62 or R. C. 6131.04 require that any such resolution be filed with the drainage improvement petition as a condition precedent to the board or the court proceeding thereon. R. C. 6131.04 does prescribe that "the petition shall state that the construction of the improvement is necessary and will be conducive to the public welfare" and shall contain a list, where known, "of all the owners of the land which the petitioner claims will be benefited * * * by the proposed improvement." The petition filed by the board did contain such statement and did contain such list which included listed ownership of a tract of land by the board of county commissioners. The requirements of R. C. 6131.-04 were thus fulfilled and fulfilling of these requirements demonstrated that it was the opinion of the board, as referred to in R. C. 6131.62, that land owned by the county is in need of drainage and such drainage will also specially benefit other land. The existence or non-existence of a resolution of necessity adopted by the board is a matter dehors the record, and not required to be in the record. Compare R. C. 5519.01 requiring a resolution to be filed in highway appropriation cases. Nor is there anything in the record to show that the appellant raised this matter in the

common pleas court to reserve it as an issue for review.

Accordingly, we find the first assignment of error without merit.

*Second Assignment of Error.* "The Clerk of the Court of Common Pleas failed to mail to the owners named in the petition, at least twenty days before the date set in the view, the notice required by Section 6131.07, R. C."

The appellant claims here that the clerk did not give to the owners of land named in the petition the notice prescribed by R. C. 6131.07, "at least twenty days before the date set for the view," the appellant claiming that only 19 days notice was given. The record reflects that the court filed its journal entry at 2:55 P. M. on March 19, 1974, fixing the date of the view as April 8, 1974, and the clerk mailed notice thereof, as soon as reasonably practicable thereafter, on March 20, 1974. The record reveals no action by the appellant to raise this issue before the common pleas court. In *Woodmansee* v. *Cockerill* (1961), 115 Ohio App. 409, 417, the Court of Appeals of Fayette County held the provisions of R. C. 6131.07 respecting notice to the owners named in the petition to be mandatory, and that a substantial compliance therewith is indispensable to jurisdiction. Nevertheless, while recognizing that in that case there had been no substantial compliance, they further held that certain affected owners by appearing voluntarily before the board at the first hearing waived their right to object to the lack of jurisdiction of the board to proceed with the first hearing because of a lack of notice. Jurisdiction over the subject matter cannot be waived, so the jurisdiction the court was speaking of was that referred to as jurisdiction over the lands alleged to be benefited.

R. C. 6131.07 also requires publication of notice to be given to those owners whose mailed notice is returned undelivered, the first publication to be not less than thirteen days, and the second publication not less than six days before the view. Our record shows that the appellant was not only given 19 days mailed notice but was also given the thirteen days and six days published notice.

In these circumstances, where thirteen days published notice is adequate when mail is returned undelivered,

though our record does not show whether the appellant appeared at the first hearing or ever raised the issue of notice in the common pleas court, we are satisfied that the requirements of R. C. 6131.07, insofar as they apply to the appellant, were substantially complied with and we hold this assignment of error without merit.

*Third Assignment of Error.* "The Court of Common Pleas lacked jurisdiction to proceed with the improvement proposed in the petition filed by the Board of County Commissioners because the County Engineer failed to prepare and file the preliminary report required by Section 6131.-09, R. C."

R. C. 6131.09 prescribed that "[w]hen notified of the filing of a petition authorized by section 6131.04 of the Revised Code, the county engineer shall prepare a preliminary estimate of the cost of the proposed improvement" and "shall file *at the first hearing,* as a guide to the commissioners and the petitioners, a preliminary report including his preliminary estimate of cost, comment on feasibility of the project, and a statement of the engineer's opinion as to whether benefits from the project are likely to exceed the estimated cost." (Emphasis added.)

This is an issue which could not have been raised by appellant in an appeal from a drainage proceeding before a board of county commissioners but is available on this error proceeding, if properly reserved for review.

The record before this court consists of all papers filed with the clerk of the court of common pleas (in lieu of the clerk of the board of county commissioners) as prescribed by R. C. 6131.62, and does not include any documents which may have been filed at any hearing, the appellant having failed to have filed with this court within the time allowed by rule and by two extensions of time authorized by the common pleas court a transcript of the proceedings before that court, which would, of course, have included the various hearings. As R. C. 6131.62 prescribes that the appeal to this court with which we are dealing "may be taken as in civil cases," the appeal constitutes an error proceeding and it is incumbent upon the appellant

to affirmatively show that error has occurred and that she has been prejudiced thereby.

The appellee claimed in oral argument that if a preliminary report exists it should be part of the record before this court because Civil Rule 5(E) requires it to be filed with the clerk even when first filed with the judge. However, under the specific exceptions of Civil Rule 1(C) special statutory proceedings are excepted from the operation of the civil rules "to the extent that they would by their nature be clearly inapplicable." Civil Rule 5(E) applies only to the "filing of pleadings and other papers with the court *as required by these rules*" (emphasis added). The civil rules do not require preliminary reports in drainage proceedings to be filed with the court and Civil Rule 5(E) is thus clearly inapplicable thereto.

The limited record which the appellant must rely on does not, therefore, portray the error claimed, *i. e.*, that the county engineer failed to prepare and file (at the first hearing) the preliminary report required by R. C. 6131.09.

We find this assignment of error without merit.

*Fourth Assignment of Error.* "The Clerk of the Court of Common Pleas failed to give the notice required by Section 6131.16, R. C. to owners who were named in the schedule of assessments filed by the County Engineer but who were not mentioned in the petition filed by the Board of County Commissioners."

R. C. 6131.16 prescribes, among other things, that upon the fixing of the date for a final hearing on the report of the county engineer "the clerk shall forthwith give notice by mail * * * to all the owners whose names appear in the engineer's schedules of assessments, and of damages."

The appellant asserts that the list of owners attached contained 98 names and the list in the schedule of assessments 777, that the record contains a box of 836 mostly sealed envelopes purporting to be prepared for mailing such notices, 534 of which, though stamped, are not cancelled, and 302 of which were returned undelivered according to the postal endorsements which they bear.

The appellant then contends that though the statute in

question provides that if the residence of any owner cannot be ascertained or if any mailed notice is returned undelivered, "the clerk shall publish such notice to all such owners," the notice published by the clerk did not contain the names of such owners.

R. C. 6131.16 further prescribes that proof of notice by publication shall be made by printer's affidavit and the clerk shall prepare a certificate showing the service of such notices by mail, both of which shall be filed on or before the day of the final hearing. This was done both as to the mailed and the published notices.

It also appears from this court's examination of the box of envelopes referred to by the appellant that all of the envelopes were posted by a postage meter, that none of these postings were cancelled by the post office, that, in addition to individual returns, bundles of envelopes were returned with a rubber band around them and a piece of paper under the rubber band stamped by the post office with an indication that they were undeliverable. It is not, therefore, conclusive that the notices were not mailed as claimed by the appellant and, in these circumstances we must accept the clerk's certificate that they were duly mailed.

In an early ditch case, *Miller* v. *Graham* (1866), 17 Ohio St. 1, the Supreme Court held that where a legislative act simply provides, in general terms for notice, by publication of the pendency of a proceeding under it, to non-resident landowners who are to be affected by the proceeding, it is sufficient if such published notice be addressed to the "non-resident owners of the following lands, to wit (describing the lands)." Here the notice was to the owners of land affected by the "Single County Ditch No. 1073 (Freed) Petitioned for by the Allen County Commissioners and known as Case No. 74CIV-0071."

The appellant cites *Woodmansee* v. *Cockerill* (1961), 115 Ohio App. 409, as holding that the provisions of R. C. 6131.07 as to notice of the first hearing are mandatory and jurisdictional. A fair reading of that decision, however, pages 417, *et seq.*, reflects that the court did find that provisions of the statute mandatory and jurisdictional but the

jurisdictional conclusion is confined primarily to in rem jurisdiction over the lands of those to whom notice was not given and not to jurisdiction over the proceedings. See also *Jones* v. *Bd. of County Commrs.* (1952), 94 Ohio App. 411, 416. Subject matter jurisdiction over the proceedings is, of course, invoked by the filing of the petition and the authority to proceed further with that jurisdiction does not necessarily depend on the individual notices given to affected landowners. Though in some jurisdictions it has been held that the failure to give notice in the manner required is a jurisdictional error which will invalidate the proceedings, it has also been held that the giving of proper notice confers jurisdiction of the parties to whom notice has been given, and that failure properly to notify some of the landowners will not vitiate the proceedings as to those properly notified, especially where those not served have waived notice of defects therein, or are not complaining. 28 Corpus Juris Secundum, 297, Drains, Section 23.

The appellant does not assert and the record does not support any conclusion that she did *not* receive notice of the first hearing or notice of the final hearing. As a matter of fact the record shows that after the date upon which the clerk mailed notices of the final hearing and before the final hearing her signed claim of $25,000 damages was filed with the clerk. The record does not show that she (or anyone else) raised the issue of lack of notice of the final hearing in the trial court and appellant is the only landowner who has appealed from the ditch proceedings.

In our opinion, on these facts and circumstances, the appellant has no standing to complain of lack of notice (to other landowners) of the final hearing and this assignment of error is without merit.

*Fifth Assignment of Error.* "The Court of Common Pleas erred, at the final hearing, by ordering that the improvement proposed by the Board of County Commissioners be proceeded with without amending, correcting, approving and confirming all of the assessments as required by Section 6131.22, R. C."

R. C. 6131.21, among other things, prescribes:

"At the final hearing on a proposed improvement,

after hearing all the evidence offered in the proceedings and after receiving and considering all the schedules and reports filed by the county engineer, the board of county commissioners [here court of common pleas] shall review and reconsider the former order made by it finding in favor of said improvement, and shall either affirm said former order and proceed to confirm the assessments, and order the letting of the contract, or shall set aside said former order and dismiss the petition. * * * "

R. C. 6131.22, among other things, prescribes:

"At the final hearing on a proposed improvement, if the petition is not dismissed, the board of county commissioners shall hear any evidence offered for or against the assessment proposed to be levied against any owner, or on any land, as shown by the schedule of assessments filed by the county engineer and shall hear any competent evidence on the question of benefits. The board, from the evidence offered and from an actual view of the premises, shall amend and correct the assessments, and the assessments so amended or corrected shall be approved by the board. * * *The board shall approve and confirm the assessments, and shall order the engineer to let the contracts for the construction of the proposed improvement, and shall fix the time for letting of the contracts, which time shall be not less than twenty-five days after the date of said order. * * * "

In this case, according to its entry, the court at the final hearing "heard and considered all the evidence in the proceedings and received and considered all the schedules and reports filed by the County Engineer," considered those items set forth by R. C. 6131.21 to be considered, heard and considered objections to the assessments by certain (unidentified) property owners and the evidence offered for and against the assessments and the evidence relative to benefits, and ordered the maps, profiles, plans, schedules and reports prepared by the engineer, approved, ordered the findings in favor of the improvement made at the first hearing affirmed, ordered the assessments "approved and confirmed except as to the property owners who have filed formal written objections thereto as provided by law * * *

final approval and confirmation of said written formal objections to assessments is continued for further consideration by the Court," ordered installment payment of the assessments, and ordered the county engineer to give notice of, receive bids, and let the contract for the construction of the proposed improvement.

We are of the opinion that the two statutes contemplate that if the court should find against the improvement it shall then, as prescribed by R. C. 6131.21, set aside the former order and dismiss the petition, or, if it should find in favor of the improvement, shall affirm its former order and *proceed under R. C. 6131.22* at the same final hearing to hear evidence on and to amend, correct, and approve all of the assessments. Section 6131.22 does not contemplate that the court order the contract to be let until all of the assessments have been approved. In further emphasis of such meaning it should be observed that R. C. 6131.24 specifically prescribes that if an appeal has been taken "to the court of common pleas, as provided in sections 6131.01 to 6131.64, inclusive, of the Revised Code, the bids may be received and tabulated, but the deposits with the bids shall forthwith be returned to the bidders, and no further steps shall be taken on the bids."

Now, then, does the appellant have standing in this appeal to cause the proceedings before the common pleas court to be reversed and set aside because all of the assessments were not approved of at the final hearing. We think not. The assessment against appellant's property was approved and she does not complain of error in the amount thereof or in its approval. The right of appeal and the right of obtaining reversal on appeal in all civil proceedings is confined to parties who have been aggrieved by the order, decision, or judgment which is appealed. *Ohio Contract Carriers Ass'n, Inc.* v. *Public Utilities Commission* (1942), 140 Ohio St. 160, 42 N. E. 2d 758. Although it must be concluded that appellant objects to this drainage improvement there is nothing in the record before this court or in the assignments of error on appeal showing that appellant, insofar as her personal rights and her ownership of assessed or benefited land is concerned, has been

deprived of any right of due process. She has made a claim for damages which apparently has not been heard and must, therefore, be considered still pending. She could not have raised this issue had the appeal been from the proceedings before the board of county commissioners rather than the court. R. C. 6131.25. Although an error proceeding in an appeal from drainage improvement proceedings before a court has generally broader significance, it is not a class action and we cannot find any way in which she has been aggrieved or prejudiced by the court's postponement of consideration of certain other owner's assessments. She does not, therefore, have standing to assert in this appeal this assignment of error. Accordingly, we find the assignment of error not well taken.

In disposing of these assignments of error we have alluded in several instances to the fact that the record before this court does not show that appellant has raised before the trial court by timely objections, exceptions, and in some cases by a motion, the issues which she claims as her grounds for review. Although by reason of the informality of ditch proceedings conducted by a board of county commissioners the law has not evolved in Ohio as to the necessity of such presentation and reservation of grounds for review it is the general rule elsewhere that in proceedings conducted by a court such grounds must be presented and reserved. 28 Corpus Juris Secundum 320, Drains, Section 32a, (4). Although abiding by this general rule we could have summarily disposed of most of the issues raised by appellant for the failure of the record to show that the issues has been presented by her (or her counsel) and reserved by her (or her counsel) we have elected not to do so and have considered these issues on their merits to forestall any doubt which might arise from any question of application of this general rule.

Accordingly, finding no error prejudicial to the appellant in any of the particulars assigned and argued it is our conclusion that the order appealed from must be affirmed.

*Order affirmed.*

Cole, P. J., Miller and Guernsey, JJ., concur.