LYSAGHT, APPELLANT, *v.* DOLLISON, REGISTRAR, APPELLEE.

[Cite as Lysaght v. Dollison (1978), 61 Ohio App. 2d 59.]

(No. C-77585—Decided December 13, 1978.)

*Messrs. Wood, Lamping, Slutz & Reckman,* and *Mr. Jeffrey M. Rollman,* for appellant.

*Mr. Thomas A Luebbers, Mr. Paul J. Gorman,* and *Mr. Timothy S. Hogan,* for appellee.

BLACK J. Plaintiff appeals from a judgment in favor of defendant, the Registrar of the Bureau of Motor Vehicles, imposing a suspension of his driver's license under R. C. 4511.191. He assigns three errors.

The first claimed error is that the court's judgment confirming the administrative suspension for a refusal to submit to a chemical test for the determination of the alcohol content of his blood was against the manifest weight of the evidence. We find no merit in this assignment because our review of the record discloses sufficient evidence of probative force to sustain the trial court's factual conclusion that appellant in effect refused to take the test. After the first reading of the required warning, he said he did not understand, and he still could not "understand" after the warnings were read to him at least once more and explained twice. He was allowed to call and talk to his attorney, but he refused to take the test until his attorney arrived at the police station, an event which failed to take place within two hours after he had been driving. Compare *Raine* v. *Curry* (1975), 45 Ohio App. 2d 155. In addition, Lysaght used a mouth spray in contravention of the warning that this would render any chemical breathalyzer test ineffective.

The other two claimed errors are that the trial court refused to abide by pretrial discovery procedures and a post-

trial request for separate findings of fact and conclusions of law, pursuant to the Rules of Civil Procedure. The trial court's refusal was on the ground that under Civ. R. 1 (C) the rules do not apply to the review of an administrative suspension under R. C. 4511.191 because this is a special statutory proceeding. We disagree with this conclusion.

In *Ryan* v. *Andrews* (1976), 50 Ohio App. 2d 72, and *Schwartz* v. *Andrews,* unreported, First Appellate District, No. C-75562, decided October 25, 1976, we refrained from deciding whether the Rules of Civil Procedure apply to the special statutory proceedings under R. C. 4511.191. Earlier we held that Civ. R. 3 (A) and 4 apply to a suit filed under R. C. 2117.12 on a claim rejected by the fiduciary of an estate. *Yancey* v. *Pyles* (1975), 44 Ohio App. 2d 410.

The Supreme Court has held that under Civ. R. 1 (C), the Rules apply to the appropriation of property under R. C. Chapter 163, *Dir. of Highways* v. *Kleines* (1974), 38 Ohio St. 2d 317, and to the forfeiture *in rem* under R. C. 3719.47 of a vehicle used in a narcotics offense. *Sensenbrenner* v. *Crosby* (1974), 37 Ohio St. 2d 43. But the Rules do not apply to those statutory procedures whereby the Civil Rights Commission enforces a subpoena *duces tecum* under R. C. 4112.04 (B) (6). *State, ex rel. Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262. In dicta, the Supreme Court said that Subdivision (C) of Civ. R. 1 must be read together with Subdivision (B) in order to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice. *Dvorak* v. *Municipal Civil Service Comm.* (1976), 46 Ohio St. 2d 99, 103. Our courts of appeals have reached a variety of conclusions. [1]

---

[1] The Rules of Civil Procedure have been held *not applicable* to the following statutory proceedings: proceedings relating to drainage ditches under R. C. Chapter 6131 (*In re Single County Ditch* [1976], 50 Ohio App. 2d 114); an application to amend a complaint to contest a will under R. C. Chapter 2741 and to join parties not originally joined, after the statutory limitation had passed (*Holland* v. *Carlson* [1974], 40 Ohio App. 2d 325); action for a recovery of illegal taxes or assessment under R. C. Chapter 2723 (*Tiefel* v. *Gilligan* [1973], 41 Ohio Misc. 76.)

The Civil Rules have been held to be *applicable* in the following cases, in addition to those noted in the body of the Opinion: an action in mandamus (*State, ex rel. Pajestka,* v. *Faulhaber* [1977], 50 Ohio St. 2d 41) and (*State, ex. rel. Dean,* v. *Huddle* [1975], 45 Ohio App. 2d 163); judicial review of an order of the Civil Rights Commission (*Abbyshire Co.* v. *Civil Rights Comm.* [1974], 39 Ohio App. 2d 125); Civ. R.

The staff note that accompanied the 1971 amendments to Civ. R. 1 (C) states that the deletion of certain words ("specific procedure is provided by law" was deleted from the first sentence thereof) effect a substantial change by broadening the application of the Civil Rules to special statutory procedures.

"As a result of the amendment of Rule 1 (C) the Civil Rules will be applicable to special statutory proceedings except 'to the extent that they would by their nature be clearly inapplicable.' Certainly the Civil Rules will not be applicable to those special statutory proceedings which are non-adversary in nature. *On the other hand, the Civil Rules will be applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason not to apply the rules.*" (Emphasis added.)

The process under R. C. 4511.191 is clearly adversary in nature.

We find nothing in the Rules for discovery, and particularly in Civ. R. 33, 34, 36 and 37, or in the Rule allowing a party to request separate findings of fact and conclusions of law (Civ. R. 52) that makes them "clearly inapplicable" to the proceedings for judicial review of a license suspension under R. C. 4511.191. We hold that these rules are applicable and the trial court erred in failing to grant Lysaght the discovery requested under Civ. R. 33, 34, 35 and 37 and in failing to produce separate findings and conclusions under Civ. R. 52.

Fairness and common sense lead us to the conclusion that in a proceeding whereby a person may be deprived of his license to operate a car for a significant period of time, he should be entitled to full discovery. He should be able to test the final judgment by means of a statement of findings of fact and conclusions of law. The statute limits judicial review to five sources of error [2] and thus the conclusions of law will be

---

4.1 (3) applies to the service of a summons in a forcible entry and detainer action, despite those provisions of Civ. R. 1 (C) (3) which state that the Civil Rules do not apply to procedures in forcible entry and detainer (*Cotterman* v. *Fahrig* [1972], 55 Ohio App. 2d 15).

[2] Under division (G) of R. C. 4511.191, the issues before the court are whether the Registrar of Motor Vehicles erred in suspending the license under Division (D), and under Division (F), whether the police officer had a reasonable ground to believe the person had been driving under the influence of alcohol, whether the driver was

limited in scope. But the court's findings of fact will be crucial and should be subject to standard tests of judicial review.

The second and third assignments of error have merit. We reverse and vacate the judgment below and remand this case to the Hamilton County Municipal Court for further proceedings according to law. [3]

*Judgment reversed
and cause remanded.*

KEEFE, P. J., and BETTMAN, J., concur.

---

placed under arrest, whether the driver refused to submit to the test upon a request of the officer, and whether he was advised of the consequences of his refusal.

[3] This disposition of the appeal renders moot appellant's Motion To Remand For A Diminution of the Record.