OPINION *Page 2 
{¶ 1} Appellant Tripodi Family Trust appeals the August 20, 2007 judgment entry of the Tuscarawas County Court of Common Pleas, Conservancy Division, in favor of Plaintiff-Appellee Muskingum Watershed Conservancy District. The relevant facts leading to this appeal are as follows.
 {¶ 2} The Muskingum Watershed Conservancy District ("MWCD") was created in 1933 as part of a comprehensive flood control and water conservation project. The boundaries of the MWCD comprise all, or part of, eighteen counties in eastern Ohio. The water which runs off the land within the MWCD drains into the Muskingum River, which then flows into the Ohio River at Marietta, Ohio. To manage the flow of water in the MWCD, a series of fourteen dams and reservoirs have been constructed. The dams are owned by the United States Army Corps of Engineers, and the reservoirs behind them are owned by the MWCD. The dams and reservoirs within the MWCD were designed with a general life expectancy of fifty years, and have reached nearly seventy years of service.
 {¶ 3} The MWCD is a political subdivision of the State of Ohio, organized under R.C. 6101. The MWCD is governed by a Conservancy Court, made up of one common pleas court judge from each of the eighteen counties. The Conservancy Court appoints a five-person Board of Directors to oversee the operation of the MWCD. The Conservancy Court hears appeals from and objections to the MWCD's activities.
 {¶ 4} Pursuant to R.C. 6101.53, the MWCD may levy a maintenance assessment in order to "maintain, operate, and preserve" the dams, reservoirs and other improvements constructed under the plan. A maintenance assessment, when *Page 3 
levied, must be apportioned on the basis of an official appraisal of benefits performed by the Board of Appraisers of the MWCD.
 {¶ 5} Appellant owns land in Tuscarawas County, Ohio, some of which is located in the MWCD flood plain. In June 2005, the MWCD Board of Directors and the Conservancy Court approved an Amendment to the Official Plan to identify maintenance needs in the watershed, establish a work plan and implement initiatives to enhance water quality and reduce flooding. On March 9, 2006, the Board of Appraisers filed its "Conservancy Appraisal Record," i.e., an appraisal and apportionment of benefits. On March 29, 2006, appellant filed an exception/objection to the appraisal record/maintenance assessment, concerning the property parcels owned by appellant. The matter was heard by an authorized magistrate on June 11-12, 2007, in Tuscarawas County. The magistrate, on July 30, 2007, filed findings of fact and conclusions of law, recommending that the Conservancy Court find appellant's exceptions not well taken.
 {¶ 6} On August 7, 2007, appellant filed an objection to the aforesaid decision of the magistrate. On August 13, 2007, the Conservancy Court, sitting in a three-judge panel, overruled the objection and adopted the magistrate's recommendations.
 {¶ 7} On August 1, 2007, the Conservancy Court conducted an evidentiary hearing, sitting en banc, following which it confirmed the Appraisal Record, holding that the estimated costs of constructing the improvements contemplated in the Amended Official Plan would be less than the benefits appraised. Judgment Entry, August 20, 2007, at 1-6. Judge Nunner of Harrison County issued a separate opinion disapproving the Appraisal Report. *Page 4 
 {¶ 8} On September 7, 2007, appellant filed a notice of appeal to the en banc decision of the Conservancy Court. Appellant herein raises the following three Assignments of Error:
 {¶ 9} "I. CHAPTER R.C. 6101, BY ITS REQUIREMENT THAT THE CONSERVANCY COURT COMMON PLEAS JUDGES APPROVE ACTIONS, BUDGETS, AND PERSONNEL OF THE MUSKINGUM WATERSHED CONSERVANCY DISTRICT (MWCD) AND ALSO ACT AS THE COURT WHICH HEARS OBJECTIONS AND EXCEPTIONS TO THE `APPRAISAL OF BENEFITS' FOR THE CITIZENS OBJECTING, VIOLATES THE PRINCIPLE OF SEPARATION OF POWERS DOCTRINE, AND VIOLATES DUE PROCESS AND EQUAL PROTECTION OF LAW TO SAID CITIZENS.
 {¶ 10} "II. THE CONSERVANCY COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN RULING THAT THE OHIO CIVIL RULES OF PROCEDURE, DISCOVERY SECTIONS, DID NOT APPLY TO THE OBJECTOR/EXCEPTORS WHO SOUGHT RELEVANT DISCOVERY FROM THE MWCD.
 {¶ 11} "III. THE CONSERVANCY COURT (THREE JUDGE COURT) COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION AND OHIO LAW IN OVERRULING THE TRIPODI TRUST MOTION FOR SUMMARY JUDGMENT IN ITS JUDGMENT ENTRY OF JUNE 14, 2007, CONCERNING THE CONSERVANCY APPRAISAL RECORD (CAR)." *Page 5 
 I. {¶ 12} In its First Assignment of Error, appellant argues that the structure of the Conservancy Court as set forth in R.C. Chapter 6101
violates the doctrine of separation of powers and violates objecting citizens' rights to due process of law.[1] We disagree.
 Separation of Powers {¶ 13} Neither the United States Constitution nor the Ohio Constitution contains an express separation of powers provision.State v. Gillingham, Montgomery App. No. 20671, 2006-Ohio-5758, ¶ 8. Appellant, citing Independent Ins. Agents of Ohio v. Duryee (1994),95 Ohio App.3d 7 and Columbus v. Anderson (1985), 27 Ohio App.3d 307, maintains that the Ohio General Assembly nonetheless may not delegate its essential legislative functions to the executive or judicial branch, and attempts to do so are unconstitutional.
 {¶ 14} A review of the pertinent sections of R.C. Chapter 6101 reveals the Conservancy Court is given responsibility for the appointment of the District's Board of Directors (R.C. 6101.10), the approval of the report of the Board of Appraisers (R.C. 6101.34), the appointment of magistrates (R.C. 6101.38), and the removal of directors, appraisers, or other officers of the conservancy district (R.C. 6101.76).
 {¶ 15} It thus appears R.C. 6101 et seq. imparts at least a modicum of quasi-legislative "housekeeping" duties upon the Conservancy Court, not the least of which includes the appointment and removal of District directors. "However, it should be noted that the federal Constitution is a grant of power to the Congress, while the state Constitution is primarily a limitation on legislative power of the General Assembly. It *Page 6 
follows that the General Assembly may pass any law unless it is specifically prohibited by the state or federal Constitutions."State ex rel. Jackman v. Court of Common Pleas of Cuyahoga County
(1967), 9 Ohio St.2d 159, 162 (emphases deleted). The Ohio Supreme Court has long recognized that "* * * it always has been and always will be the policy of our government, national and state, to keep distinct and separate our legislative, judicial, and executive departments of government, so that each may operate as a check and balance upon the other; but government would prove abortive if it were attempted to follow such policy to the letter." Bogen v. Clemmer (1932),125 Ohio St. 186, 189. Furthermore, "[a]s to matters properly within the jurisdiction of the court, the General Assembly, under our present Ohio Constitution, has full power to declare and define that jurisdiction so far as not declared and defined by the Constitution." Schario v. State (1922),105 Ohio St. 535, 539. The question of conferment of powers upon the common pleas courts in conservancy cases is thus best addressed to the legislature. See Miami County v. City of Dayton (1915), 92 Ohio St. 215,235.
 {¶ 16} Accordingly, upon review, we are not inclined to conclude the Conservancy Court mechanism as outlined in the Ohio Revised Code runs afoul of the doctrine of separation of powers.
 Due Process {¶ 17} Appellant couches its due process argument as an assertion of tribunal bias, again based on the theory that the Conservancy Court has both oversight of aspects of the District and judicial responsibility. However, in cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive *Page 7 
jurisdiction to determine a claim that a trial judge is biased or prejudiced. See, e.g., State v. DeMastry, 155 Ohio App.3d 110, 125,799 N.E.2d 229, 2003-Ohio-5588, citing Jones v. Billingham (1995),105 Ohio App.3d 8, 11, 663 N.E.2d 657. Common pleas litigants must challenge a trial judge's objectivity by using the procedure set forth in R.C. 2701.03. See In re Baby Boy Eddy (Dec. 6, 1999), Fairfield App. No. 99 CA22, 2000 WL 1410.
 {¶ 18} In the case sub judice, the Chief Justice ruled on April 21, 2006, in response to appellant's affidavit of disqualification, that judicial bias or prejudice had not been demonstrated in this matter. We presently lack jurisdiction to further address appellant's claim in this regard.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II. {¶ 20} In its Second Assignment of Error, appellant contends the trial court erred in holding that the discovery procedures of the Ohio Rules of Civil Procedure did not apply to the case sub judice. We disagree.
 {¶ 21} The present issue arose when appellant served upon MWCD's counsel a request for admissions, filed June 5, 2006. The trial court, on May 16, 2007, ruled that the Ohio Civil Rules did not apply to the action in this regard and that the discovery requests would be denied. Subsequently, however, the court did tacitly allow the applicability of Civ. R. 12 and Civ. R. 56.
 {¶ 22} Generally, the regulation of discovery is within the discretion of the trial court. See State v. Sherrills (Jan. 16, 1992), Cuyahoga App. No. 61882, 1992 WL 6060, citing Smith v. Klein (1985),23 Ohio App.3d 146. R.C. 6101.07 mandates that the *Page 8 
Conservancy Court "shall adopt rules of practice and procedure not inconsistent with this chapter and the general laws of this state. * * *." Nonetheless, R.C. 6101.80 sets forth that "[t]his chapter shall be liberally construed to effect the control, conservation, and drainage of the waters of this state."
 {¶ 23} Civ. R. 1(C)(7) essentially states that the Ohio Civil Rules shall not apply to procedure in special statutory proceedings where the rules, by their nature, are clearly inapplicable. As an initial matter, appellant does not appear to dispute that the conservancy hearings at issue were "special proceedings" for purposes of our present analysis. See Appellant's "Reply to MWCD's Motion to Quash the Discovery Requests," June 28, 2006. See, also, Appellant's Brief at 19, citingLysaught v. Dollison (1978), 61 Ohio App.2d 59, 399 N.E.2d 121.
 {¶ 24} We thus turn to the question of whether the Civil Rules are "clearly inapplicable" to exception hearings.
 {¶ 25} R.C. 6101.33, which outlines procedures for exception hearings, states in pertinent part:" * * * All exceptions shall be heard by the court beginning not less than forty or more than fifty days after the publication provided for in that section, and determined in advance of other business so as to carry out, liberally, the purposes and needs of the district. The court shall provide for the hearing on the exceptions in the county seat of each county in which property is located with respect to which an exception or exceptions have been filed at a time and place fixed by the court. Notice of the time and place of the hearing of an exception shall be given the exceptor in such manner as the court may direct. The hearing conducted in a particular county shall be *Page 9 
limited to testimony presented by the district and by exceptors whose exceptions relate to property located within that county. * * *."
 {¶ 26} The General Assembly has thus established a system for the redress of exceptions with clear time constraints, reflecting the importance of efficient resolution of matters of flood control and water drainage in Ohio, which the Ohio Supreme Court has long recognized as a matter of public health, convenience, and welfare. SeeMiami County, supra, at 224. We find the application of the discovery rules would likely alter the basic purposes for which R.C. 6101.33 was enacted. Accordingly, we are unpersuaded that the trial court abused its discretion in disallowing discovery under the Civil Rules during the exception proceedings in this matter. We are further unpersuaded that the court's recognition of dispositional measures under Civ. R. 12 and Civ. R. 56 constituted an inconsistent ruling requiring reversal.
 {¶ 27} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 28} In its Third Assignment of Error, appellant argues the trial court erred in denying its motion for summary judgment regarding the Conservancy Appraisal Record. We disagree.
 {¶ 29} We emphasize that an appellant's brief is required to present "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App. R. 16(A)(7). Appellant's argument attempts to incorporate by reference various arguments and materials presented in the trial court proceedings, *Page 10 
including memoranda filed by other exceptors/objectors. We have held that the rules of appellate procedure do not permit parties to incorporate by reference arguments from other sources. Thomas v.Vesper, Ashland App. No. 02 COA 20, 2003-Ohio-1856, ¶ 31, citingWillow Park Convalescent Home, Inc. v. Crestmont ClevelandPartnership, Cuyahoga App. Nos. 81147, 81259, ¶ 73, citingKulikowski v. State Farm Mut. Auto. Ins. Co., Cuyahoga App. Nos. 80102, 80103, 2002-Ohio-5460, ¶ 55.
 {¶ 30} We therefore indulge in all reasonable presumptions in favor of the regularity of the proceedings below, and deny the present assigned error. See Channelwood v. Fruth (June 10, 1987), Summit App. No. 12797, citing In Re Sublett (1959), 169 Ohio St. 19, 20.
 {¶ 31} Appellant's Third Assignment of Error is overruled.
 {¶ 32} For the reasons stated in the foregoing opinion, the August 20, 2007 Judgment Entry of the Tuscarawas County Court of Common Pleas, Conservancy Division, is affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Conservancy Division, Tuscarawas County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Appellant adds a challenge based on equal protection in this assigned error, but does not argue or develop the argument in its analysis. See App. R. 16. *Page 1